WALLACE, Circuit Judge:
 

 Sambo’s Restaurants, Inc. (Sambo’s) appeals the district court’s order reversing a bankruptcy court’s denial of Wheeler’s motion to amend her purported informal proof of claim. We affirm the district court.
 

 I
 

 Sambo’s filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-1174, on November 27, 1981, in the Central District of California. As of that date, the automatic stay of 11 U.S.C. § 362(a) enjoined any of Sambo’s creditors whose claims arose prior to the filing date from filing suit against Sambo’s. The bankruptcy court set July 12,1982, as the last day for filing proofs of claim.
 

 On February 19,1982, while the automatic stay was in effect, Wheeler filed a wrongful death suit against Sambo’s in the United States District Court for the Northern District of Alabama. Wheeler’s claim arose out of the death of her husband on August 4, 1981, before Sambo’s filed in the bankruptcy court, and thus her suit was filed in violation of the automatic stay. On March 4, 1982, Sambo’s house counsel wrote to Wheeler’s attorney, informed him of the bankruptcy proceedings and stay, and demanded that he dismiss his suit. The letter stated that Sambo’s would seek sanctions from the district court against Wheeler’s violation of the stay if Wheeler did not dismiss.
 

 Wheeler’s attorney asked for two weeks jn which to research his options before Sambo’s sought any sanctions. Wheeler’s attorney was also in contact with Sambo’s local counsel in Alabama, and they exchanged letters in the last week in March agreeing that no sanctions would be sought for the moment. At no time was there any mention of the claim bar date of July 12th or any indication by Sambo’s that it did not intend to hold Wheeler to that date.
 

 On June 25, 1982, Sambo’s filed a motion to stay and to transfer the Alabama complaint to the Central District of California bankruptcy court. Wheeler joined in the motion to transfer. The district court did not grant this motion, but instead entered an order of dismissal on June 30, 1982, and amended the dismissal on July 6 to provide that it was without prejudice to Wheeler to petition to reinstate the action to pursue any matter unresolved by the bankruptcy court after the stay was dissolved. Wheeler never filed before the bar date. Rather, in December 1982 she moved the bankruptcy court for leave to amend what she characterized as an informal proof of claim established within the filing period.
 

 The bankruptcy court denied the motion on grounds that the wrongful death complaint could not be construed to be a proof of claim because it was filed in violation of the automatic stay, that no other documents set forth the nature and amount of the claim against the estate, and that denial was the correct course as a matter of discretion. The district court reversed the bankruptcy court, granted Wheeler fifteen days in which to file what in effect was an amended proof of claim, and stated that the document would relate back to the date on which the wrongful death action had been filed. Sambo’s then appealed.
 

 II
 

 An initial problem concerns what law applies due to the recent changes in the
 
 *813
 
 bankruptcy law. Although 28 U.S.C. §§ 1293 and 1334 did not go into effect until April 1, 1984, for cases such as the one before us the appellate jurisdiction of the district courts and the courts of appeals is the same as their jurisdiction under these new provisions. 28 U.S.C. § 1471 note;
 
 In re Mason,
 
 709 F.2d 1313, 1315 n. 1 (9th Cir.1983). Thus, the pre-1984 cases we will cite construed and applied the same jurisdictional provisions applicable to this case. In addition, this is a
 
 pre-Marathon Pipe Line
 
 case, and thus we need not address the limits it placed on the Bankruptcy Reform Act’s grant of jurisdiction to bankruptcy courts.
 
 See Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 87-89, 102 S.Ct. 2858, 2880-2881, 73 L.Ed.2d 598 (1982).
 

 Jurisdiction over this appeal is governed by 28 U.S.C. § 1293(b), which states:
 

 Notwithstanding section 1482 of this title [jurisdiction of Bankruptcy Appeals Panels], a court of appeals shall have jurisdiction of an appeal from a final judgment, order, or decree of an appellate panel created under section 160 or a District court of the United States or from a final judgment, order, or decree of a bankruptcy court of the United States if the parties to such appeal agree to a direct appeal to the court of appeals.
 

 Our jurisdiction thus hinges on whether the district court’s order was final. This determination “generally is guided by the principles of 28 U.S.C. § 1291, even though section 1293 frees us to develop new principles to fit the special problems of bankruptcy administration.”
 
 In re Exennium, Inc.,
 
 715 F.2d 1401, 1402 (9th Cir.1983)
 
 (Exenni
 
 um,);
 
 see also In re White,
 
 727 F.2d 884, 885 (9th Cir.1984);
 
 In re Mason,
 
 709 F.2d 1313, 1316 (9th Cir.1983).
 

 The bankruptcy court’s order denying Wheeler’s motion to amend her purported informal proof of claim was a final judgment because it resulted in dismissal of her claim from the bankruptcy proceeding. It was appealable either to the district court under 28 U.S.C. § 1334(a) or directly to us under section 1293(b). Wheeler chose to appeal first to the district court. But the district court’s order reversing the bankruptcy court granted leave to amend, which would ordinarily be considered an interlocutory rather than final order under section 1291 principles. We must decide whether the special area of bankruptcy requires a deviation from this ordinary rule, given that the district court was itself acting as an appellate court. We considered, but avoided, this issue with respect to an arguably nonfinal reversal of an interlocutory bankruptcy court order in
 
 Exennium.
 
 715 F.2d at 1403 n. 1. That case, however, helps focus our analysis.
 

 In
 
 Exennium,
 
 the bankruptcy court had allowed the trustee to sell real estate leases to a nonparty. One of the creditors took an interlocutory appeal from this ruling to the Bankruptcy Appellate Panel (BAP). The BAP voided the sale, and the trustee appealed to us. The finality of the BAP’s order was in doubt because it only prevented a nonparty from purchasing the estate property and did “not settle the dispute between [the creditor] and the trustee.” 715 F.2d at 1402. We stated that a final judgment is “said to be one that ‘ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.’ ”
 
 Id., quoting Catlin v. United States,
 
 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Although we did not decide whether the BAP's order was final for purposes of section 1293(b), we nevertheless allowed the appeal under the doctrine of
 
 Gillespie v. United States Steel Corp.,
 
 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).
 

 The
 
 Gillespie
 
 doctrine permits courts of appeal to decide the merits of cases in which finality is marginal “where the course of litigation would be impeded, rather than advanced, by dismissing the appeal.”
 
 Exennium,
 
 715 F.2d at 1402-03.
 
 See Gillespie,
 
 379 U.S. at 152-54, 85 S.Ct. at 310-12. In applying this doctrine in
 
 Exennium,
 
 we expressed our view “that, in general, bankruptcy proceedings differ significantly from others and that, in this case specifically, a ruling on the propriety
 
 *814
 
 of the sales to [the nonparty] will advance, and not impede, the bankruptcy proceedings.” 715 F.2d at 1403.
 

 Although we allowed the appeal in
 
 Exen-nium,
 
 and did not reach the issue of finality, we did observe in dictum that “nothing in the structure of the Bankruptcy Reform Act ... requires all decisions appealable to the district courts or BAPs to be automatically appealable to the courts of appeals.”
 
 Id.
 
 at 1403 n. 1. We also pointed out that the BAP and district courts have a jurisdiction over interlocutory decisions denied the courts of appeals.
 
 Id.
 
 We expressed the view that we were free to apply the policies behind
 
 Gillespie
 
 “more broadly under section 1293” than under section 1291, and suggested that we could examine the costs of litigation on a case-by-case basis to determine whether the
 
 Gillespie
 
 doctrine is appropriate in particular cases.
 
 Id.
 

 Although the case-by-case approach may make sense when the original appeal from the bankruptcy court is interlocutory, here we have a final bankruptcy court order which resulted in a non-final district court order on review. Under these circumstances, we embrace the views of the Third and Eighth Circuits which hold that “when the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing! the district court’s order is also a final order for purposes of section 1293(b).”
 
 In re Marin Motor Oil, Inc.,
 
 689 F.2d 445, 449 (3d Cir.1982),
 
 cert. denied,
 
 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983)
 
 (Marin
 
 );
 
 accord In re Bestmann,
 
 720 F.2d 484, 485-86 (8th Cir.1983);
 
 compare with In re Rubin,
 
 693 F.2d 73, 76 (9th Cir.1982) (appeal from bankruptcy court interlocutory, so no appellate jurisdiction from BAP). The Third Circuit in
 
 Marin
 
 also expressed its reluctance to depart from section 1291’s finality principles, but felt compelled to do so by the special circumstance of the bankruptcy appeals provisions. 689 F.2d at 448. Because we believe this approach is virtually always more efficient in reviewing a district court’s review of a final bankruptcy court judgment, we conclude it is not necessary to examine the relative costs of immediate versus delayed review of these type of district court orders on a case-by-case basis.
 

 As pointed out in
 
 Marin,
 
 the district court is acting as an appellate tribunal in reviewing the trial (bankruptcy) court’s final order.
 
 Marin,
 
 689 F.2d at 448. The policies underlying the finality requirement in ordinary cases thus do not apply. First, although bankruptcy courts would still have to conduct full adversary proceedings on remand from these types of district court decisions, litigation on these causes of action would be completed and the bankruptcy court would have nothing further to do if we reversed the district court.
 
 See id., citing Cox Broadcasting Corp. v. Cohn,
 
 420 U.S. 469, 482-83, 95 S.Ct. 1029, 1039-40, 43 L.Ed.2d 328 (1975). Moreover, these sort of district court judgments are final in the sense that nothing remains for the district court to do.
 
 See, e.g., In re Ellsworth,
 
 722 F.2d 1448, 1450 (9th Cir.1984).
 

 Second, our role and that of the district court is essentially the same in this appellate process.
 
 See Marin,
 
 689 F.2d at 448,
 
 citing In re Bildisco,
 
 682 F.2d 72, 81 n. 14 (3d Cir.1982),
 
 aff'd,
 
 — U.S. -, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). We are in as good a position to review the bankruptcy court’s decision as is the district court.
 
 See In re Dill,
 
 731 F.2d 629, 631 (9th Cir.1984);
 
 Marin,
 
 689 F.2d at 448,
 
 citing Universal Minerals, Inc. v. C.A. Hughes & Co.,
 
 669 F.2d 98, 101-02 (3d Cir.1981). Thus, when we review a district court decision with respect to a final order of a bankruptcy court, we in essence are reviewing the final order of the bankruptcy court.
 
 See Marin,
 
 689 F.2d at 448.
 

 Third, many of the principal reasons for the finality requirement are based on maintaining the proper relationship between trial and appellate courts. Those reasons are unpersuasive when one appellate court is reviewing another lower appellate court rather than the decision of a fact finder.
 
 See id.
 
 at 449.
 

 
 *815
 
 Fourth, one of the most compelling reasons for the finality rule is the avoidance of unnecessary appeals and interruptions of trial, thereby saving judicial time and expense.
 
 See
 
 15 C. Wright, A. Miller & E. Cooper,
 
 Federal Practice and Procedure
 
 § 3907, at 430-33 (1976). Where the original appeal from the bankruptcy court is from a final judgment rather than from an interlocutory order, however, the delay factor is not compelling.
 
 See Marin,
 
 689 F.2d at 449.
 

 For these reasons, we agree with the Third and Eighth Circuits and conclude that we have jurisdiction to review the order of the district court which had reviewed a final order of the bankruptcy court.
 

 Ill
 

 We now turn to the issue whether Wheeler’s complaint, together with her correspondence and her joint motion with Sam-bo’s to transfer the case to the bankruptcy court, constituted an amendable informal proof of claim. We review de novo the bankruptcy court’s legal conclusion that these documents did not.
 
 See In re Dill,
 
 731 F.2d 629, 631 (9th Cir.1984).
 

 For these documents to constitute an informal proof of claim, they must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable.
 
 In re Franciscan Vineyards, Inc.,
 
 597 F.2d 181, 183 (9th Cir.1979) (per curiam),
 
 cert. denied,
 
 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980)
 
 (Franciscan Vineyards).
 
 Wheeler’s complaint sets forth the nature and amount of the claim, and her joint motion with Sambo’s to transfer the claim to bankruptcy court evidences her intent to hold the estate liable.
 

 Sambo’s argues, however, that these documents do not constitute an amendable informal proof of claim because they were not actually filed with the bankruptcy court. The Federal Rules of Bankruptcy require that creditors file some written document proving their claim with the clerk of the bankruptcy court before the last day set for filing. Fed.R.Bankr. 3002, 5005(a). Although the rules make an exception for erroneous filings,
 
 see
 
 Fed.R. Bankr. 5005(b), Sambo’s argues that Wheeler’s actions do not fit the exception.
 

 Rule 5005(b) states:
 

 A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.
 

 Sambo’s argues that Wheeler does not satisfy this exception. No issue is raised because of any failure of Sambo’s to receive the documents. When Wheeler filed her complaint, Sambo’s was the debtor in possession, with all the powers of a trustee.
 
 See
 
 11 U.S.C. § 1107. Therefore, communications to Sambo’s were the equivalent of communications to a trustee. Rather, Sambo’s argues that although she delivered sufficient documents, she never intended for them to be filed with the court. Sam-bo’s cites the Seventh Circuit decision of
 
 In re Evanston Motor Co.,
 
 735 F.2d 1029 (7th Cir.1984)
 
 {Evanston),
 
 in support of its argument.
 

 In
 
 Evanston,
 
 a creditor presented his claim to the trustee but failed to file with the bankruptcy court until after the bar date. The bankruptcy court allowed the amendment, holding that sending the letter to the trustee rather than to the court was an erroneous delivery within the meaning of rule 509(c), the predecessor to current rule 5005(b).
 
 Id.
 
 at 1031. On appeal, the district court reversed the bankruptcy court, and the Seventh Circuit affirmed. The Seventh Circuit held that rule 509(c)’s erroneous delivery exception referred only to misdelivery of the paper to the trustee when it was intended to be filed with the court, and not to an error in judgment by the creditor in addressing his claim only to the trustee.
 
 Id.
 
 at 1032. The court rea
 
 *816
 
 soned that the plain language of rule 509(c) compelled this result and that the Advisory-Committee’s Note, if to the contrary, was not controlling.
 
 Id.
 
 at 1031-32. The Advisory Committee’s Note stated that rule 509(c) was merely a reenactment of its predecessor, General Order 21(1), which recognized an exception for error regardless of any specific intent to file with the court. Fed.R.Bankr. 509(c) advisory committee note (repealed 1982).
 

 In contrast to the Seventh Circuit’s decision in
 
 Evanston
 
 is our decision in
 
 Franciscan Vineyards,
 
 in which we relied on cases decided under General Order 21(1) to read former rule 509(c) more liberally. In that case, the lessor of property sent a letter to the trustee in bankruptcy in which he enclosed delinquent tax bills on the property. We held that the letter was a sufficient informal proof of claim, amendable after the bar date, because it was intended to and did set out a claim against the estate. 597 F.2d at 182-83. We then held that an informal proof of claim need not appear on the bankruptcy court’s record or in its files.
 
 Id.
 
 at 183.
 

 Wheeler clearly falls within
 
 Franciscan Vineyards.
 
 Indeed, her attempt to transfer her complaint from the district court to the bankruptcy court demonstrated her intent to file her proof of claim with the bankruptcy court. Thus, she satisfied the requirements of rule 5005(b) even under Evanston’s rigorous reading of that rule.
 

 Sambo’s next argues that, even if these documents ordinarily would constitute proof of claim, they do not do so in this case because they rely in part on the complaint filed in the district court, which was filed in violation of the automatic stay. The complaint, it thus argues, is a nullity for any purpose, including as an informal proof of claim. Without the complaint, it is argued, there is nothing in the motion or correspondence which states the nature and amount of Wheeler’s claim.
 

 The general rule is that actions taken in violation of the automatic stay are void. 2
 
 Collier on Bankruptcy
 
 ¶ 362.11 (15th ed. 1984) (and cases cited therein). But this rule usually is applied to transfers of property and the like. No case has been cited to us nor are we aware of any case that has discussed whether the automatic stay precludes such a complaint from being an amendable informal proof of claim. Logically it should not, and we hold that it does not, because such a rule would lead to absurd results. If Wheeler had merely written a letter to Sambo’s stating the nature and amount of her claim, under
 
 Franciscan Vineyards
 
 that letter would be an amendable informal proof of claim. But because she went further and filed suit and served Sambo’s, Sambo’s would say her claim is barred.
 

 We have a long-established liberal policy toward amendment of proofs of claim.
 
 See Franciscan Vineyards,
 
 597 F.2d at 182. Although this policy cannot override the rules themselves, within the rules we are liberal in what kind of documentation we will treat as a sufficient informal proof of claim. Thus, because
 
 Franciscan Vineyards
 
 controls our interpretation of the rules, we construe Wheeler’s complaint, together with the other documents, to be an amendable informal proof of claim.
 

 Sambo’s finally contends that the bankruptcy court’s denial of leave to amend must remain even if the documents together constituted an amendable informal claim as a matter of deferring to the bankruptcy judge’s discretion. Rule 5005(b) gives the bankruptcy court discretion to decide whether, in the interest of justice, an amendable informal claim should relate back. The district court’s order gives no explanation for its reversal of the bankruptcy court, but we assume it was based upon a review of the bankruptcy court’s exercise of discretion. Our role is the same as the district court’s and we review the bankruptcy court’s decision to determine whether it abused its discretion.
 

 In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim
 
 *817
 
 when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity.
 
 See, e.g., Waits v. Weller,
 
 653 F.2d 1288, 1290 (9th Cir.1981). Wheeler is not seeking to introduce a new claim in disguise, and Sambo’s has pointed out no actual prejudice that would result from allowing the amendment. Thus, the bankruptcy court abused its discretion in disallowing the amendment in this case.
 

 AFFIRMED.