Joseph W. Tillson, Feldman, Shaw & DeVore, South Lake Tahoe, Cal., for debtors.

In re Wayne L. YOAKUM and Barbara B. Yoakum, Debtors.

Bankruptcy No. 284–03059–D–11.

United States Bankruptcy Court, E.D. California.

Nov. 14, 1985.

MEMORANDUM OPINION

LOREN S. DAHL, Bankruptcy Judge.

Debtors filed a chapter 11 petition herein on August 3, 1984. On their Schedule A–3 (Unsecured Creditors), they listed Thomas and Laura Doucette (claimants) as having a judgment against them by the Superior Court of Napa County for $81,500.00, which they label as being disputed. On September 25, 1985, claimants filed a written proof of claim for $81,500.00 based on said judgment with the clerk of this court. The debtors filed an objection to the allowance of the claim for failure to file timely claim and for failure to attach a copy of the judgment to the proof of claim.

proval. *In re Seatrain Lines, Inc.,* 13 B.R. 980 (Bankr.S.D.N.Y.1981).

Applying only to chapters 9 and 11, Bankruptcy Rule 3003(c)(2) provides that a creditor whose claim is scheduled as disputed shall file a proof of claim within the time prescribed by subdivision (c) (3) of said rule, and failing so to do shall not be treated as a creditor with respect to such claim. Bankruptcy Rule 3003(c)(3) provides that the court shall fix the time within which proofs of claim may be filed. Local Rule 22 of this district and division states that unless the court fixes a different time, the last day for filing a proof of claim in a chapter 11 case is the day prior to the hearing date at which the court first approves a disclosure statement. In this case, that was April 30, 1985. The court made no other order; hence, April 29, 1985, was the final date to file a proof of claim.

Claimants contend that they had asserted an informal proof of claim with the debtors before April 30, 1985, and that the document filed by them September 25, 1985, was simply an amendment thereto and not barred by Rule 3003 nor the local rule.

As asserted by claimants in their preliminary response to debtors' objection to claim, the recent decision of the Ninth Circuit Court of Appeals, *In re Sambo's Restaurants*, 754 F.2d 811 (1985), governs the major issue of this objection. It should also be noted that *In the matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir. 1985), decided but three months after *Sambo's* by a different panel, accepted the rationale of *Sambo's* and affirmed the lower court which had found that the creditor had established an amendable proof of claim, albeit an informal one, within the filing period.

In *Sambo's*, the debtor filed a chapter 11 petition. While the automatic stay was in effect, the creditor filed a wrongful death suit in a U.S. District Court. The debtor and the creditor jointly requested the district court to transfer the suit to the bankruptcy court, but the district court dismissed the suit without prejudice. The creditor never filed a formal proof of claim in the bankruptcy proceedings. After the time for claim filing had passed, the credi-

tor moved the bankruptcy court for leave to amend her informal proof of claim. The bankruptcy court denied her motion but on appeal the district court reversed and was affirmed by the circuit court of this circuit. There must be an explicit demand showing the nature and amount of the claim and evidence of an intent to hold the debtor liable, said the *Sambo's* court.

Turning to the facts of this case, we find numerous instances clearly showing the debtors' knowledge of the exact amount of the claim, ($81,500.00); the nature of the claim (Napa County Superior Court judgment); its present status (under appeal to the First District Court of Appeal of California); and the intent of the claimants to hold debtors liable (resistance to the appeal by claimants).

The approved disclosure statement to first amended plan filed by debtors July 17, 1985, was sent to all creditors by the debtors as ordered. On page 5 thereof, lines 13–21, debtors tell their creditors and the court of the lawsuit filed by claimants against them in Napa County Superior Court; that after a jury trial, a judgment was returned against them for $81,500.00; that the case was appealed to the First District Court of Appeal in San Francisco and is still pending; and that this judgment was the final blow which pushed debtors into bankruptcy.

At page 9, lines 6–18, the debtors state the only disputed debt is the Doucette judgment for $81,500.00 and "[u]ntil the disputed claim ends as settled or allowed by this court," debtors propose that claimants' share of dividends be impounded and paid upon resolution of the claim. At page 10, lines 9–12, debtors state there will be approximately $82,500.00 from note payments available for payments (dividends) to creditors of Classes 2, 7 and 8. Claimant is in Class 8. At page 15, lines 22–23, the debtors state they seek acceptances to the plan from various classes of creditors, including Class 8 (the claimants and one insider creditor).

The first amended plan of reorganization filed by the debtors July 17, 1985, and

confirmed August 21, 1985, states that Classes 7 and 8 creditors will share pro rata in the plan fund of $1,375.00 per month (page 3, lines 18–19, 26–28, and page 4, line 1). On page 4, II. A is entitled, *Time for Filing Claims.* It states that all creditors except certain creditors not here involved will be required to file proofs of claim if necessary by the date hereinafter set forth. *No date is thereafter set forth.* (Emphasis ours.)

The paragraph entitled, *Class 8*, commencing at line 10 on page 8, tells us that there are only two creditors in this class: The Doucettes (claimants) in the amount of $81,500.00, which is disputed, and the Pighinis, insiders owed $58,884.00, who will receive their share upon confirmation of the plan.

The statements of debtors in Schedule A–3, their disclosure statement and plan of reorganization, clearly and abundantly show that they knew the nature and exact amount of the Doucettes' claim, and that the Doucettes intended to hold debtors liable therefor. In fact, they state in their disclosure statement that the judgment pushed them into bankruptcy. Claimants were also misled by the statement in the debtors' plan that creditors' proofs of claim could be filed by the date thereinafter set forth rather than the correct date as provided in Local Rule 22, and for that reason debtors should be estopped from asserting a late claim defense against claimants.

For the reasons hereinbefore set forth, the debtors' objection to the Doucettes' claim shall be overruled and the written proof of claim filed September 25, 1985, is accepted as an amendment to the informal claim of Doucettes previously and timely asserted.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law. Counsel for the claimants shall prepare and submit an Order consistent with this decision.

IT IS SO ORDERED.