**In re INTERNATIONAL FILTER CORP., Debtor.**

**Bankruptcy No. SB83–04591DN.**

United States Bankruptcy Court, C.D. California.

June 6, 1986.

Joseph A. Eisenberg of Levene & Eisenberg, Los Angeles, Cal., for plaintiff, Intern. Filter.

U.S. Atty. Robert C. Bonner and Asst. U.S. Attys. Robert S. Horowitz and Charles H. Magnuson, for IRS and U.S. Customs Service.

## MEMORANDUM OF DECISION (OBJECTION TO CLAIM NO. 55—U.S. CUSTOMS SERVICE)

DAVID N. NAUGLE, Bankruptcy Judge.

The U.S. Customs Service, an agency of the United States, filed its claim (No. 55) for $521.52 for a supplemental duty bill. The parties agree that the claim was filed after the bar date for timely claims, but the U.S. Customs contends that the lack of timeliness should be excused because of a lack of prejudice to the Debtor and the reason for the delay; namely, the false entry on the import certificate showing duty-free status.

The recent decisions of our Court of Appeals show a growing liberality in allowing valid claims even when the formal proofs of claim are late. See *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374 (9th Cir.1985); *In re Sambo's Restaurants*, 754 F.2d 811 (9th Cir.1985).

In the case at bar, the United States concedes that the claim is not entitled to priority since it is out of the one-year time limit of 11 U.S.C. § 507(a)(7)(F).

In at least one case arising under the Bankruptcy Act of 1898 (P.L. No. 61), the Court of Appeals for the Ninth Circuit has allowed the use of equitable powers to prevent injustice in allowing late-filed claims. See *In re Global Western Development Corp.*, 759 F.2d 724, 727 (9th Cir.1985).

However, whatever culpability Milcor and its agents may have had in placing a false or merely erroneous entry in the 1981 import certificate, the Debtor's conduct has not been so inequitable as to justify vacating the bar date and allowing this late filed claim to be allowed, even as a general unsecured claim.

The attorney for the Debtor shall prepare and lodge a proposed order disallowing Claim No. 55.