**In re Gehrman K. DOTY, Debtor.**

**Gehrman K. DOTY, Plaintiff,**

v.

**FRANCHISE TAX BOARD, Defendant.**

**Bankruptcy No. 181–01896–A–7. Adv. No. 188–0164.**

United States Bankruptcy Court, E.D. California, Fresno Division.

Nov. 16, 1988.

Hilton A. Ryder, Fresno, Cal., for debtor.

Edward P. Hollingshead, Deputy Atty. Gen., Sacramento, Cal., for State of Cal., for Franchise Tax Bd.

## MEMORANDUM OPINION

RICHARD T. FORD, Bankruptcy Judge.

### INTRODUCTION

A COMPLAINT FOR SANCTIONS AND FOR DETERMINATION OF CLAIM OF FRANCHISE TAX BOARD AGAINST DEBTOR, was filed in the above entitled court on July 19, 1988. The complaint and summons were served by mail on the Franchise Tax Board, Legal Director, the State of California and the Attorney General. On August 19, 1988, the Franchise Tax Board for the State of California filed an Answer and on August 25, 1988, the Franchise Tax Board for the State of California filed an Amended Answer. The pre-trial hearing was set for and conducted on September 28, 1988, at which time appropriate orders were made pursuant to Federal Rule of Civil Procedure Section 16. The trial was set to take place on October 27, 1988, at 1:30 p.m.

On October 27, 1988, Edward P. Hollingshead Deputy Attorney General, appeared for the Franchise Tax Board, and Hilton Ryder of the firm of RYDER & WALTER, appeared as attorney for plaintiff.

Both counsel agreed that there were no contested factual issues and stipulated to the following facts.

### FINDINGS OF FACT

1. On August 13, 1988, GEHRMAN K. DOTY, dba Doty's Outlet Center filed a Chapter 11 proceeding in the above entitled court. The FRANCHISE TAX BOARD was not listed as a creditor in the proceeding and at that time they had no notice of the filing of the chapter proceeding.

2. On November 10, 1983, the Franchise Tax Board completed a NOTICE OF ADDITIONAL TAX PROPOSED TO BE AS-

SESSED and transmitted it to the debtor at his home in Fresno, California. The notice proposed and claimed additional taxes for the year of 1978, in the sum of $3,560.28, and for 1979 in the sum of $4,829.44.

3. On December 12, 1983, a plan was confirmed in the above debtor's estate, and on December 21, 1983, an amended order was entered confirming a Chapter 11 plan.

4. On May 1, 1984, debtor's counsel filed a document with the court entitled "Objection to Claim of State of California Franchise Tax Board for Tax Claims for All Years and Notice of Hearing". In substance the objection stated that the debtor was not justly or truly indebted to the Franchise Tax Board and that the Board had assessed interest in violation of the Bankruptcy Code Section 1129(a)(9)(c). The objection further stated that unless a request for hearing was made within 30 days, the objection would be sustained. In the event a written request for hearing was made the matter would be set for hearing.

5. On June 6, 1984, a representative of the Franchise Tax Board corresponded with McGUGIN & RYDER, the attorneys for the debtor, and stated in effect that they received the Objection to Claim but their records indicated they had not filed a claim in the debtor's estate.

6. On June 22, 1984, Lawrence B. Kenkel, one of the attorneys in McGUGIN & RYDER's office, wrote to the appropriate representative of the Franchise Tax Board, acknowledging receipt of her letter of June 6, 1984, and stating "not withstanding the fact that your office did not file a proof of claim, with respect to the Doty bankruptcy estate, I intend to object to any claim of the Franchise Tax Board". The letter goes on to state "the objection of the Franchise Tax Board was prompted by a final notice before levy, dated April 24, 1984. In as much as the debtor's records show that no profit was made during the period of time pertaining to the Franchise Tax Board notice, the estate owes the Tax Board no money". Lastly, the letter states that "the objection to the claim will be sustained unless the request for hearing is received by the Bankruptcy Court within 30 days of May 1,

1984. I will wait five days before filing an order sustaining the objection to the claim of the Franchise Tax Board".

7. On July 19, 1984, an order was signed by Robert E. Coyle, United States District Judge, based on the recommendation of Eckhart A. Thompson, as consultant and special master (he was the bankruptcy judge) sustaining the debtor's objection to alleged taxes claimed to be due for the years of 1978 and 1979. A copy of said order was forwarded by mail to the Franchise Tax Board and a copy of said order was in their file.

8. On October 15, 1985, because the debtor was unable to comply with his Plan, he voluntarily converted his Chapter 11 proceeding to one under Chapter 7.

9. On April 7, 1986, the debtor received a discharge in bankruptcy.

10. On April 29, 1987, the Chapter 7 trustee held a hearing on his First and Final Account Report and $1,994.40 was distributed to Cost of Administration claimants (the trustee's fees) and other than Franchise Tax Board priority claims.

11. On September 8, 1987, after learning that the Franchise Tax Board was attempting to collect the unpaid taxes for 1978 and 1979 against Dr. Doty, Hilton Ryder wrote to the Franchise Tax Board and in essence stated that it was his client's understanding that the original tax found by the Franchise Tax Board for the years of 1978 and 1979 was based on an audit report forwarded to them by the Internal Revenue Service. The letter went on to state the audit report had subsequently been modified resulting in no tax due for the two years involved. Mr. Ryder asked that the Franchise Tax Board take whatever steps were necessary to verify with Internal Revenue Service that the audit on which they relied had been resolved favorably to the taxpayer by the IRS. The last paragraph of the letter stated that if the issue could not be resolved then he would file an objection to the present claim with the Bankruptcy Court.

12. On October 21, 1987, the representative of the Franchise Tax Board replied to

Mr. Ryder in a two-paragraph, hand-written document, acknowledging that the assessments for the years 1978 and 1979 were based upon reports of the Internal Revenue Service and that if Mr. Doty did not pay the balance due of $12,472.42, collection action would proceed. In the second paragraph Eva Basich stated that it was the taxpayer's responsibility to notify the Franchise Tax Board (re the IRS reaudit). She referred to Section 18451 of the Revenue and Taxation Code (of the State of California).

13. In February, 1988, the Franchise Tax Board collected $2,368.00 by levy on Doty's bank account at Guarantee Savings, Fresno, California, and $100.00 by offset of Doty's lottery winnings, pursuant to Government Code Section 12419.5. Two smaller amounts of $32.00 and $60.00 were also collected.

## DISCUSSION

The issues before the Court are as follows:

1. Whether the obligations of the debtor to the Franchise Tax Board for the years of 1978 and 1979 were terminated by the Court's order of July 19, 1984, which sustained the debtor's objection without the filing of a formal proof of claim, without a hearing and without evidence to support the debtor's objection.

2. If the taxes in question were terminated, is plaintiff entitled to sanctions prayed for in his complaint?

■ The debtor argues that the Franchise Tax Board was aware of the bankruptcy case during the Chapter 11 proceeding and after its conversion to a Chapter 7 and could have participated in the Chapter 7 distribution had a formal proof of claim been filed. In addition, they allege that an informal claim was filed by the Board in the form of the proposed assessment served on the debtor-in-possession or by the debtor-in-possession's objecting to the claim, which objection was sustained.

Plaintiff relies first on Bankruptcy Rule 5005(b) which provides as follows:

"A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt had been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery."

This code section was recently interpreted by the Ninth Circuit Court of Appeals in the case of *In re Sambo's Restaurants, Inc., debtor, Sambo's Restaurants, Inc. v. Peggy Wheeler,* 754 F.2d 811, 12 B.C.D. 1177 (1985). In that case, an informal proof of claim on the wrongful death action was made by the filing of a wrongful death complaint in Federal Court in violation of the automatic stay. The issue was whether or not the complaint filed in violation of the automatic stay could be construed as proof of claim. The Court held that the wrongful death complaint, taken together with correspondence to the debtor-in-possession and a joint motion to transfer the case to the Bankruptcy Court constituted an informal proof of claim as these documents stated an explicit demand showing the nature and the amount of the claim against the estate and evidenced an intent to hold the debtor liable. An informal proof of claim need not appear, nor have been intended to appear on a bankruptcy court's record or files. The Court further states that when Wheeler filed her complaint, Sambo's was the debtor-in-possession, with all the powers of a trustee under 11 U.S.C. Section 1107. Therefore, communications to Sambo's was the equivalent of communicating to a trustee.

The plaintiff alleges that the case is identical with the case at bar. The only difference is that in the *Sambo*'s case, Wheeler was trying to have her claim allowed even though the formal proof of claim was filed after the last day on which to file claims. In this case, the Franchise Tax Board is attempting to say that the filing of the informal claim should not be considered a proof of claim so that it can pursue the debtor. The defendant argues that the as-

sessment document was not intended to be filed with the court by a creditor. This is one of the requirements of the Rule 5005(b).

The plaintiff argues that the filing of the objection also constitutes the filing of the claim by the debtor. They cite Bankruptcy Rule 3004 which provides as follows:

"If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to Section 341(a) of the Bankruptcy Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3004(2)(c) or 3003(c), which ever is applicable. The clerk shall forthwith mail notices of filing to the creditor, the debtor, and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c), shall supercede the proof filed by the debtor or the trustee."

Plaintiff claims that on the face of the objection to claim filed with the court and served upon the Franchise Tax Board, it states that the Franchise Tax Board is claiming $8,727.77 for tax years 1978 and 1979 and that the debtor is objecting to said claim. Rule 3004 goes on to require that the clerk shall forthwith mail notice of the filing. This was accomplished by the debtor on behalf of the clerk by service of the objection. Plaintiff alleges that all of the elements of a claim were contained in the Objection and Notice of the Objection. The objection containing all of the required bankruptcy case numbers, court of filing, etc., was served not only upon the court but upon the Franchise Tax Board. Again, the Franchise Tax Board did not object to the filing of the claim, nor the objection and the subsequent order has become final.

The Franchise Tax Board argues that they were not listed in the original Chapter 11 schedules, that they did not file a formal proof of claim, that the notice of assessment cannot be considered an informal claim pursuant to Bankruptcy Code 5005(b) as it was not intended to be filed with the court by the creditor and that plaintiff did not comply with 11 U.S.C. Section 501(c)

and Rule 3004 which provides that if the creditor does not file a proof of claim the trustee or debtor may do so in the name of the creditor. The defendant goes on to argue that since they did not file a claim in the proceeding, the Court's order of July 19, 1984, was beyond the Court's jurisdiction and void because there was no claim pending before the court. Since the order was void, they did not have to file a request for reconsideration or appeal the decision of the Court. Further, since the order was void, the taxes were still due and owing for 1978 and 1979, and since the taxes are non-dischargeable pursuant to 11 U.S.C. Section 523(a) the Board was authorized to levy on the debtor's property in February 1988.

Defendants also argue that the Court's order of July 19, 1984, was void because there was no evidence before the Court showing that the taxes were in fact not owing. They allege that the "default" entered by the Court did not sustain the Court's finding that the taxes were not owing. There is no evidence before this Court that there was "no evidence" before the Court in 1984 other than the defendant's failure to appear and meet the Objection to Claim head on.

It is ironic and somewhat disturbing that the defendant, knowing about the Chapter 11 proceeding before confirmation, before the First and Final hearing of the trustee wherein funds were authorized to be distributed to priority creditors, that they did not file a formal proof of claim. The tax assessment of 1978 and 1979 was based upon information that they received from Internal Revenue Service. When Internal Revenue Service reviewed their own audit they found that no taxes were due and this information was given to Franchise Tax Board by Mr. Ryder's letter dated September 8, 1987, and acknowledged in a memo from Franchise Tax Board on October 21, 1987, stating that they could not act upon the information from the attorney, Mr. Ryder, but could only act upon the "request of the taxpayer". Had the taxpayer complied with the strict law of the Revenue Code then the state tax, which was based

upon the IRS tax, would have been cancelled and there would have been no need for a complaint and a trial in this matter. It is even more disturbing that the Franchise Tax Board, after learning of the IRS reversal of their tax has still not taken any steps to discontinue pursuing the debtor, and in fact, they recovered certain of the debtor's property in February 1988. This seems to fly in the face of giving the debtor a "fresh start" for an assessment originally lawful, and now voidable.

 With leave of Court, the debtor's attorney, by declaration, has asked and documented a request for attorney fees of $1,564.00 and costs of $235.00 for a total of $1,799.00.

The fees appear reasonable and the costs necessary.

The Board also argues that the debt of taxes is excepted from discharge by the express provision of the Code and that dischargeability must be determined in an adversary proceeding. These arguments need not be addressed since the Court found that the alleged tax was declared not owing by its order in 1984.

## CONCLUSIONS OF LAW

1. The debtor's filing an objection to the claim of an alleged tax due to the Franchise Tax Board for the State of California on May 1, 1984, constituted an informal claim filed pursuant to Bankruptcy Code Section 501(c) and Bankruptcy Rule 3004.

2. The plaintiff properly filed his Objection to Claim pursuant to Bankruptcy Rule 3007 by preparing such objection in writing and filing it with the Court. A copy of the objection with the appropriate notice of request for hearing was mailed to the Franchise Tax Board which receipt was acknowledged by letter and by telephone call.

3. The defendant did not request a hearing as they were advised in the Objection to Claim which they acknowledged receiving in the letter from Attorney Ryder's office to the Franchise Tax Board dated June 22, 1984.

4. After entering the default of the Franchise Tax Board, the Court properly signed an order, declaring the taxes allegedly due for 1978 and 1979, were not owing. A copy of said order was transmitted to Franchise Tax Board.

5. The Franchise Tax Board did not see fit to appeal the order or to file a motion requesting reconsideration.

6. Sanctions in the form of attorneys fees and costs for violating the Court's order of July 19, 1984, appear to be proper pursuant to 11 U.S.C. Section 105(a) in the total sum of $1,799.00.

## ORDER

1. Defendant is ordered to pay back to plaintiff $2,560.00 plus interest of either the legal rate used in California or the rate charged by the State of California Franchise Tax Board for delinquent taxes, which ever is greater, from the date the money was taken by levy, until the date the money is paid to the debtor.

2. Defendant is ordered to pay to RYDER & WALTER attorneys fees in the sum of $1,564.00 and costs in the sum of $235.00 for a total of $1,799.00.