In re **NATIONAL ENTERTAINMENT CENTERS, INC., dba The Breakaway, Debtor.**

**Bankruptcy No. 584–60.**

United States Bankruptcy Court,
N.D. Ohio.

July 26, 1989.

Richard Wilson, Kent, Ohio, trustee.

Scott Haley, Akron, Ohio, for trustee.

Ruth Meacham, Toledo, Ohio, for creditor.

FINDING AS TO APPLICATION TO
AMEND INFORMAL PROOF
OF CLAIM

HAROLD F. WHITE, Bankruptcy Judge.

On June 12, 1989, Bauer, Stark & Lashbrook, Inc., an unsecured creditor, filed an

Application to Amend its Informal Proof of Claim pursuant to Bankruptcy Rule 5005(b) and to substitute the document attached to said motion, being Exhibit A, as its claim. On July 6, 1989, Richard A. Wilson, Trustee, filed an Objection to the Application to Amend Informal Proof of Claim of said creditor. The matter was set for hearing on July 14, 1989 at 10:00 AM. The creditor appeared represented by counsel and the Trustee's attorney appeared.

The facts in this case do not appear to be in dispute and the matter was submitted to the Court for decision based upon the creditor's Motion and attachments, being Exhibits A and B, and the record of the Bankruptcy Court.

## FACTS

1) The Court finds that a Chapter 11 proceeding was filed on January 19, 1984 and in compliance with Bankruptcy Rule 1007(d), the debtor scheduled the twenty largest creditors which included Richard, Stark, Bauer–Arch of Toledo, Ohio in the amount of $23,089.99. This creditor was the third largest creditor among the twenty largest unsecured creditors scheduled by the debtor.

2) Due notice of the Chapter 11 proceeding was given to all creditors, and on February 6, 1984 this Court issued an order to the twenty largest unsecured creditors to indicate to the Court on or before February 23, 1984 whether or not they would accept appointment to the Official Creditors' Committee.

3) On February 17, 1984, Richard, Stark, Bauer–Arch indicated that it would accept appointment to the Official Creditors' Committee and said acceptance was signed on behalf of the creditor by Charles H. Stark, III.

4) Subsequently, this Court issued an Order naming the creditor, Richard, Stark, Bauer–Arch, to the Official Creditors' Committee and said committee subsequently retained Robert Pritt as its attorney. *See* Movant's Exhibit B.

5) The movant was scheduled by the debtor as a creditor based upon a promissory note executed October 1, 1979 in the amount of $23,089.99 for architectural work performed at the request of the debtor.

6) The Court further finds that the debtor, in Schedule A–3, did not indicate at Item 3 whether the debt was contingent, liquidated or disputed. In fact in preparation of the Schedules, the debtor never indicated whether any debts were contingent, liquidated or disputed.

7) Subsequently, on July 16, 1984 the creditor requested Mr. Pritt to officially enter on the Court's record its claim for $23,089.99. *See* Movant's Exhibit A.

8) The Court finds that in his response on July 20, 1984, Mr. Pritt indicated that, as he was a representative of the Official Creditors' Committee as an entity, he could not perform said services and suggested to the creditor that it contact Lou Hattner at Spengler, Nathenson to watch and see if and when the proof of claim should be filed.

9) The Court further finds that the Official Creditors' Committee did file a motion with this Court to convert the Chapter 11 proceeding to one under Chapter 7. Subsequently, on April 21, 1987 this Court did convert this proceeding to relief under Chapter 7.

10) Pursuant to a document issued by the creditor at the hearing on the Application, notice was issued under the signature of this Court by the Clerk on April 27, 1987 as to the conversion of said proceeding from a Chapter 11 to a Chapter 7 and also as to the Section 341 creditors' meeting to be held on June 2, 1987. Also the notice stated: "Claims which are not filed within 90 days after the above date set for the meeting of creditors will not be allowed, except as otherwise provided by law" and further, that a claim may be filed with the Clerk on or before September 2, 1987 and that Richard A. Wilson was appointed as interim trustee.

11) As the creditors did not exercise their right under 11 U.S.C. § 702(a) to elect a trustee, Mr. Wilson succeeded himself as trustee pursuant to 11 U.S.C. § 702(d).

12) The movant admitted through its counsel that it has received numerous notices of this proceeding as a member of the Official Creditors' Committee and also as a creditor subsequent to the conversion to Chapter 7.

13) The attorney for the Trustee indicated that there was a possible dividend of approximately eighty percent that will be paid to the unsecured creditors whose claims are allowed by this Court.

## ISSUE

Does the letter of July 16, 1984 constitute an informal proof of claim?

## CONCLUSION

The Court finds that, in and of itself, the letter of July 16, 1984 addressed to Robert Pritt does not constitute an informal claim. However, the Court notes there are several deficiencies in this proceeding with the first being that the attorney for the debtor in filing the schedules never indicated that the debts scheduled in A–3 were contingent, liquidated or disputed. This is important under Bankruptcy Rule 3003(c)(2) which states: "Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule." Therefore, it is not clear from the record whether the creditor was obligated to file a proof of claim.

A second deficiency is that the notice issued on April 23, 1987 by the Clerk under the signature of this Court, indicating an application for conversion, could cause misunderstanding among attorneys who are not familiar with bankruptcy proceedings as to whether a conversion had accidentally occurred in this proceeding. However, it is clear that this notice was received by the creditor on April 27, 1987 and that no action was taken by said creditor.

It is clearly not disputed, even by the attorney for the Trustee, that the debtor is indebted to the creditor based on the note executed on October 1, 1979 in the amount of $23,089.99 with interest at six percent per annum. This note was for architectural services rendered to the debtor by the creditor.

The movant has filed a detailed brief with the Court as to why this Court should allow the amendment to the informal proof of claim citing Bankruptcy Rule 5005(b) which provides:

> Error in Filing. A paper intended to be filed but erroneously delivered to the trustee, the attorney for the trustee, a bankruptcy judge, a district judge, or the clerk of the district court shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. In the interest of justice, the court may order that the paper shall be deemed filed as of the date of its original delivery.

It is apparent that Exhibit A, addressed to the attorney for the Official Creditors' Committee, was not filed with the trustee, the attorney for the trustee, a bankruptcy judge, a district judge or a clerk of the district court. However, the Court notes that at the time of filing this proceeding, the debtor was a debtor-in-possession and, therefore, had all the powers of a trustee. *See* 11 U.S.C. § 1107.

Therefore, this court concurs with the holding in *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.),* 754 F.2d 811, 815 (9th Cir.1985), wherein the court states: "Therefore, communications to Sambo's were the equivalent of communications to a trustee." It is obvious that this Court was apprised of the movant's claim and position when the debtor filed its Chapter 11 proceeding with the Court as this Court then issued an order on February 6, 1984 notifying the twenty largest creditors that they should file a written consent or acceptance form with the Court on or before February 23, 1984. Therefore, on February 17, 1984 the creditor did file an acceptance to appointment of the Official Creditors' Committee, and subsequently this Court issued an order appointing the creditor to the Official Creditors' Committee. Therefore, this Court finds by

its own action it acknowledged, by two orders, that the creditor had a claim.

In *In re Haugen Construction Services, Inc.* 876 F.2d 681, 682 (8th Cir.1989), the Court held that:

"In reviewing the amendment of informal claims in bankruptcy proceedings, we look to the following standard: Great liberality in permitting amendments of claims in bankruptcy proceedings is proper, but the statute requiring that a proof of claim in writing be filed is clear, positive and unambiguous and it must not be nullified in the name of equity. If the record made within the statutory period, formal or informal, disclosed facts showing an assertion of a claim against the estate and an intention by the claimant to share in its assets, there would be a basis for the proposed amendment ..." (citations omitted)

Other courts have held that "if the record in the bankruptcy proceedings reflects anything to show the existence, nature and amount of the claim, leave should be granted to file" an amended proof of claim. *In re Pizza of Hawaii, Inc.*, 40 B.R. 1014, 1016 (D.Hawaii 1984). Further, "the concept of a 'claim' denotes more than merely a debt owed the creditor by the estate, it also denotes the creditor's intention to attempt to pursue the estate's liability on the debt." *Levine v. First National Bank of Lincolnwood (In Re Evanston Motor Company, Inc.)*, 26 B.R. 998, 1001 (N.D.Ill. 1983).

Therefore, this Court examined its own records and its actions and concludes that the records clearly indicate, both by the actions of the Court and the creditor, that the claim should be permitted to be amended and therefore filed as requested in the creditor's Motion of June 12, 1989.

The Court reviewed the cases which hold *contra* to the above. In *In re First Software Corp.*, 97 B.R. 711 (D.Mass.1988), the Court discussed the holding in *In re Norris Grain Co.*, 81 B.R. 103, 106 (Bankr.M.D. Fla.1987) wherein said court held:

The bar date for filing proofs of claim in Chapter 11 cases is a mechanism intended by Congress to provide the debtor and its creditors with "finality" ... For this reason, courts look upon the bar date as being ... in the nature of a statute of limitations which must be strictly observed ... The congressional goal of finality precludes the Bankruptcy Courts from "finding exceptions to these rules in the supposed interest of equity" ... Thus, although aware that a bar date, like other limitations periods, would inevitably cause hardship on those who failed to act timely, Congress decided that the goal of finality is of greater benefit to the public than any benefit derived from allowing individual exceptions to the bar date. (citations omitted)

However, the facts in this case differ.

Therefore, the Court finds that said Motion should be allowed. A separate Order in accordance with this Finding shall be entered.