MEMORANDUM *
Appellant, the law firm of Davis Wright Tremaine LLP (“DWT”), appeals from the denial of its motion for an order to show cause why debtor-in-possession Douglas Miller has not funded a distribution account with $71,842.13 that DWT claims is due. DWT’s claim for $71,842.13 represents one-third of the fees DWT incurred while representing the Margueritte Miller Living Trust (“Trust”), of which Mr. Miller was a one-third beneficiary.
I
DWT contends that the bankruptcy court erred in holding that DWT’s application did not constitute a valid informal proof of claim. We review a bankruptcy court’s conclusions of law de novo. Preblich v. Battley, 181 F.3d 1048, 1051 (9th Cir.1999). For documents to constitute an informal proof of claim, “they must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable.” In re Sambo’s Restaurants, Inc., 754 F.2d 811, 815 (9th. Cir.1985) (citation omitted). Bankruptcy courts, as courts of equity, liberally construe what types of documentation will constitute an informal proof of claim. Id. at 816.
DWT’s application is a valid informal proof of claim because it “evidence[d] an intent to hold the debtor liable” and stated “an explicit demand showing the nature and amount of the claim against the estate.” Id. at 815. Even though DWT’s *492 application can be read to demand more than Mr. Miller owed, a proof of claim that is not a “model of clarity and completeness” can still be a valid proof of claim. In re Avery, 272 B.R. 718, 723, 734 (E.D.Cal. 2002) (holding that a proof of claim which did not specify an amount on its face was valid because the proof of claim’s attachments gave detailed financial information). Therefore, the bankruptcy court erred in concluding DWT’s application was not a valid claim. However, the error is harmless because DWT’s claim nonetheless was considered and adjudicated at the October 29, 2001 hearing as part of the Trust’s proof of claim. DWT is not now entitled to another hearing to pursue its claim.
II
DWT contends that the bankruptcy court’s January 25, 2002 order violated DWT’s procedural due process rights because DWT did not receive notice that the fee request would be adjudicated at the October 29, 2001 hearing, and the bankruptcy court’s order only indirectly references disposal of DWT’s claim. We review assertions of due process violations de novo. Krug v. Lutz, 329 F.3d 692, 695 (9th Cir.2003).
“It is fundamental that due process of law requires ‘notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.’ ” United States v. Levoy, 182 B.R. 827, 833 (B.A.P. 9th Cir.1995) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). “Due process requires that a creditor receive notice of any bankruptcy proceeding which is to be accorded finality.” In re Hobdy, 130 B.R. 318, 320 (B.A.P. 9th Cir. 1991) (citation omitted). “A creditor who is aware that a bankruptcy petition has been filed is not necessarily put on inquiry notice about every matter brought before the court.” Id. at 320 (citation omitted).
Although DWT was not named as a party to the October 29, 2001 hearing and its application was not mentioned in the bankruptcy court’s October 23, 2001 pretrial order, DWT received actual notice that its claim would be adjudicated at the October 29, 2001 hearing date. In its October 23, 2001 order, the bankruptcy court stated that objections to the Trust’s proof of claim would be heard at the October 29, 2001 hearing. DWT received notice of Mr. Miller’s objection to its application and therefore knew that its request for fees was a contested matter. DWT’s fees were included in the Trust’s proof of claim as well as DWT’s own informal proof of claim, and DWT therefore knew or reasonably should have known that its fees would be a subject of the October 29 hearing.
Further, the bankruptcy court gave DWT notice that its claim had been disallowed. In its January 25, 2002 order, the bankruptcy court held that DWT’s application was duplicative and excessive given the number of lawyers Ms. Snavely had hired. The bankruptcy court disallowed DWT’s “probate attorney fees” in the Trust’s proof of claim. No procedural due process violation occurred.
Ill
DWT contends that the bankruptcy court erred in holding that the January 25, 2002 order disposed of DWT’s claim because the bankruptcy court mistook DWT for another law firm and never dealt with DWT’s claim for one-third of $163,587.50, which was a portion of its fee request in the Trust’s proof of claim. We review the bankruptcy court’s finding that the January 25, 2002 order disposed of DWT’s claim for clear error. Preblich, 181 F.3d *493 at 1051. In its January 25, 2002 order, the bankruptcy court expressly rejected DWT’s application as duplicative. The bankruptcy court’s July 17, 2002 order addressed and rejected DWT’s contention that the bankruptcy court had confused DWT with another law firm. Moreover, although the bankruptcy court only identified $45,571.78 of DWT’s fee request in its July 17, 2002 order, the record demonstrates that the bankruptcy court disposed of DWT’s entire claim. The bankruptcy court stated that it would not consider paying any amount to DWT beyond what DWT had already been compensated. Accordingly, we agree with the bankruptcy court that its order disposed of DWT’s claim.
IV
DWT contends that the bankruptcy court erred in holding that DWT’s claim is not an allowed claim under the terms of Mr. Miller’s confirmed Chapter 11 plan. We disagree. Mr. Miller’s Chapter 11 plan defines an “allowed claim” as:
a claim: (a) in respect to which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by order of the Court pursuant to Bankruptcy Rule 3003, or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding is pending.
DWT’s claim is not an allowed claim because “[an] objection to the allowance thereof’ was “interposed” by Mr. Miller. The bankruptcy court expressly disallowed DWT’s application as duplicative and disallowed the Trust’s requests for these attorneys fees following trial on the proof of claim.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.