**In re Irving C. NEWCOMB, Jr. and Florence S. Newcomb, Debtors.**

**Irving C. NEWCOMB, Jr. and Florence S. Newcomb, Plaintiffs,**

**v.**

**UNITED STATES of America, Department of Internal Revenue Service; and Laurence P. Morin, Trustee, Defendants.**

Bankruptcy No. 680–00373–L.
Adv. No. 684–0081.

United States Bankruptcy Court,
W.D. Virginia,
Lynchburg Division.

March 6, 1986.

Douglas E. Little, Charlottesville, Va., for plaintiffs.

Laurence P. Morin, Lynchburg, Va., trustee/defendant.

Patricia Scott-Clayton, Gerard J. Mene, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

This matter is before the court on the objection by the debtors and the chapter 13 trustee to an amended proof of claim filed by the Internal Revenue Service ("IRS").

The court finds this is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

The debtors, Irving and Florence Newcomb, (the "debtors"), filed a petition under Chapter 13 of the Bankruptcy Code on May 27, 1980. At the time of the filing of the petition, Mr. Newcomb was president and principal operating officer of College Toyota, Inc., a corporation that was then being reorganized under Chapter 11 of the Bankruptcy Code. The College Toyota case was eventually converted to a chapter 7 proceeding and the corporation was liquidated.

In the College Toyota proceeding, the IRS had filed three proofs of claim for withholding and FICA taxes owed by College Toyota for the fourth quarter of 1979 and the first three quarters of 1980. However, there were insufficient assets in the College Toyota bankruptcy estate to pay these tax claims.

Because the withholding taxes had not been paid, the debtors expected that the IRS would assess a 100% penalty tax under 26 U.S.C. § 6672 against Mr. Newcomb for the failure of College Toyota to pay the

withholding taxes for the four quarters. Therefore, on March 11, 1982, the debtors filed a single proof of claim on behalf of the IRS as permitted under Bankruptcy Rule 3004. The debtors estimated the amount of the claim to be $25,000.00 and requested the IRS to amend the proof of claim if the $25,000.00 figure was incorrect.

On May 19, 1982 the IRS amended the proof of claim, without objection of the trustee or the debtors, and requested payment of $41,192.29 as Mr. Newcomb's liability for the tax penalty for the unpaid withholding taxes. The amendment, however, omitted Mr. Newcomb's liability of $9,282.22 for the tax penalty for the first quarter of 1980.

The debtors subsequently completed all payments required under their chapter 13 plan. All secured claims and unsecured claims under the plan were paid in full, *see* tr. of December 5, 1985 at 5, including the IRS claim of $41,192.29 for the tax penalties covering the third quarter of 1979 and the second and third quarter of 1980. *Id.* at 6.

On July 16, 1984 the debtors filed a complaint against the IRS seeking a determination that Mr. Newcomb's liability for the tax penalty for the omitted quarter was dischargeable under 11 U.S.C. § 1328(a). In response to the debtors' complaint, the IRS argued that the debt for the tax penalty had not been "provided for" by the debtors' chapter 13 plan and that Mr. Newcomb's liability for that debt was therefore nondischargeable under 11 U.S.C. § 1328(a). In a memorandum opinion and order entered July 25, 1985, the court determined that Mr. Newcomb's obligation for the tax penalty for the omitted quarter had been "provided for" by the debtors' chapter 13 plan and therefore could be discharged under 11 U.S.C. § 1328(a). The debtors, however, have not yet been granted their discharge under § 1328(a).

On August 23, 1985, the IRS appealed the court's July 25, 1985 decision to the District Court for the Western District of Virginia. On or about August 27, 1985, the IRS filed an amended proof of claim that included Mr. Newcomb's tax liability for the omitted quarter. On September 27, 1985 the trustee filed an objection to the amended proof of claim. The IRS then filed a motion for stay of its appeal of the court's July 25, 1985 decision pending a resolution of the permissability of the amendment to its claim, which, if paid, would make the appeal moot.

On October 22, 1985, upon the *ex parte* motion of the chapter 13 trustee, the district court remanded the objection to the IRS's amended proof of claim to this court for resolution. The issue now before the court is the entitlement of the IRS to file an amended proof of claim to include the omitted quarter.

## DISCUSSION

"[A]n amendment to a [proof of] claim is to be freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *In South Atlantic Financial Corp.*, 767 F.2d 814, 819 (11th Cir.1985); *see also In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816–817 (9th Cir.1985); *In re International Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir.1985); *In re Commonwealth Corporation*, 617 F.2d 415, 420 (5th Cir.1980). Thus, an amendment to a proof of claim can be permitted where "the amendment is the result of a party's lack of knowledge or mistake of fact." *In re Sound Emporium Inc.* 48 B.R. 1, 2 (Bankr.W.D.Tex.1984). The IRS, acknowledging that it erroneously omitted Mr. Newcomb's 100 percent tax penalty for the first quarter of 1980 from its original claim, argues that it is entitled in the present case to amend the claim in order to correct this omission.

In deciding whether to permit an amended proof of claim, however, the court must subject post bar date amendments to careful scrutiny to assure that there is no attempt to file a new claim under the guise of an amendment. *In re International Horizons, Inc.*, 751 F.2d at 1216; *In re*

*Commonwealth Corporation*, 617 F.2d at 420; *In re W.T. Grant Co.*, 53 B.R. 417, 422 (Bankr.S.D.N.Y.1985). The amendment sought by the IRS in the present case does not violate this proscription.

The IRS amendment in the present case does not assert a new claim. As noted, the original claim here, filed by the debtors on behalf of the IRS, involved a 100 per cent tax penalty against Mr. Newcomb for unpaid employee withholding taxes that arose out of his operation of College Toyota, Inc. In filing this single proof of claim on behalf of the IRS, it is evident that the debtors themselves treated Mr. Newcomb's liability for the unpaid taxes as one claim. The debtors estimated the claim for the unpaid taxes at $25,000.00 and requested the IRS to amend the claim if the amount was incorrect. The figure provided by the IRS in response to that request, however, omitted the amount owed by Mr. Newcomb for the first quarter of 1980. The amendment now sought by the IRS is thus based on the same transactions as the original claim and seeks only to cure the defect by including the previously omitted quarter. The court therefore finds that the amendment sought by the IRS in the present case is not an attempt to assert a new claim under the guise of an amendment.

Even if an amendment of a proof of claim sought by a party arises out of the same conduct or transaction set forth in the original claim, undue prejudice to an opposing party may nevertheless serve to bar the amendment. *In re Sambo's Restaurant, Inc.*, 754 F.2d 811, 816 (9th Cir. 1985); *In re City of Capitals, Inc.*, 55 B.R. 634, 637 (Bankr.D.Md.1985); *In re Hertz*, 38 B.R. 215, 218 (Bankr.S.D.N.Y.1984). However, there exists no such prejudice to either the debtors or the trustee in the present case. The debtors' chapter 13 estate is still open and has sufficient funds to pay the IRS's amended claim. Tr. of December 5, 1985 at 14. Further, all other allowed secured and unsecured claims have been paid in full. Consequently, the court finds that no undue prejudice would result

in permitting the IRS's amendment to include the omitted quarter.

The debtors and the trustee, seeking to bar the IRS amendment, argue that the IRS is estopped from amending the proof of claim by the court's July 25, 1985 decision that held that the debtors' liability for the tax penalty for the omitted quarter was "provided for" by the debtors' chapter 13 plan and therefore dischargeable under 11 U.S.C. § 1328(a). This argument is unavailing here.

After completion of all payments required under their chapter 13 plan, the debtors brought that adversary proceeding against the IRS seeking a determination that Mr. Newcomb's liability for the tax penalty for the omitted quarter was dischargeable under 11 U.S.C. § 1328(a) even though the IRS had not received any payments for that debt. In the July 25, 1985 memorandum opinion the court determined that the debt for the omitted quarter was indeed "provided for" by the debtors' chapter 13 plan. The IRS had not received any payments for the debt for the omitted quarter simply because no proof of claim covering the amount owed for the omitted quarter had ever been filed. The court then concluded that the debt for the omitted quarter, because it was "provided for" by the debtors' plan, was dischargeable under 11 U.S.C. § 1328(a).

That ruling, however, does not foreclose the amendment to the proof of claim now sought by the IRS for one significant reason: The debtors have not yet been granted their discharge under 11 U.S.C. § 1328(a). Thus, none of the debts provided for by the debtors' plan, including the indebtedness for the 100 percent tax penalty for the omitted quarter, has yet been discharged. Under 11 U.S.C. § 1328(a), a discharge granted a chapter 13 debtor after completion of all plan payments discharges all debts provided for by the plan, even though no payments for the debt are made to the creditor. *In re Richards*, 50 B.R. 339 (D.C.E.D.Tenn.1985). Thus, had the debtors been granted their discharge under 11 U.S.C. § 1328(a), the

IRS would be precluded from amending its proof of claim to include the omitted quarter since their liability for that debt would have been discharged. However, as noted, the debtors have not yet been granted their discharge. The amendment sought by the IRS here is therefore not precluded by the court's previous determination that the liability for the omitted quarter was "provided for" by the debtors' chapter 13 plan.

CONCLUSION

Based upon the foregoing, the court finds that the IRS is entitled to file its amended proof of claim. Therefore, the objection filed by the debtors and the trustee shall be overruled. The appropriate order shall be entered.