**In re Margarita P. VLAVIANOS, Debtor.**

**UNITED STATES of America INTERNAL REVENUE SERVICE, Plaintiff,**

**v.**

**Margarita P. VLAVIANOS and Helen P. Parrish, Trustee, Defendants.**

**Bankruptcy No. 683–00416–C. Adv. No. 686–0054.**

United States Bankruptcy Court, W.D. Virginia, Charlottesville Division.

Nov. 25, 1986.

Jennie L. Montgomery, U.S. Atty., Roanoke, Va., Gerard J. Mene, Trial Atty., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Leroy R. Hamlett, Jr., Charlottesville, Va., for debtor/defendant.

Helen P. Parrish, Charlottesville, Va., Trustee.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON, Bankruptcy Judge.

Before the court is the complaint of the United States, on behalf of the Internal Revenue Service ("IRS"), requesting principally that the court declare nondischargeable under 11 U.S.C. § 1328(a) a portion of the IRS's tax claim, as reflected in its amended proof of claim, that was not paid under the confirmed Chapter 13 plan of the debtor, Margarita P. Vlavianos (the "debtor"). The portion of the tax claim that the IRS seeks to have declared nondischargeable was not paid because the amended proof of claim asserting that amount was not filed by the IRS until after all pay-

ments under the debtor's plan had been completed. Also before the court is the debtor's objection to the IRS's amended proof of claim.

## BACKGROUND

The facts precipitating this controversy are, for purposes of the resolution of this case, largely undisputed. In 1979, about four years before the debtor filed her Chapter 13 petition, the Criminal Investigation Division of the IRS conducted an audit examination of the debtor and her husband to determine whether they had understated their income on their 1975 and 1976 federal income tax returns. The investigation revealed that the debtor had inherited a substantial sum of cash, located in a safe deposit box, from her mother, Smaro Papadopulos, who died in 1970. The debtor was the personal representative and sole legatee of her mother's estate. In August 1979, after determining that the debtor and her husband had properly reported their income for the years in question and after ensuring that the debtor would file an estate tax return for her mother's estate, the IRS closed its criminal investigation.

The precise amount of cash inherited by the debtor is unclear. According to the IRS agent who conducted the criminal investigation, the debtor had indicated to him that the safe deposit box had held $150,000, contained in 15 envelopes holding $10,000 each. Tr. of September 8, 1986 ("Tr.") at 15, 21. According to the debtor on the other hand, the cash totaled only $97,853. Tr. of 62, 65. However, on January 7, 1980 the debtor, as personal representative of her mother's estate, filed a federal estate tax return, indicating that the gross estate was $150,000 and that a tentative tax of $17,255 was owed. Government Exhibit 11. Subsequently, on November 3, 1982, the debtor filed a second federal estate tax return, this time stating that there was a gross estate of only $90,000 and that the tax due was $2,874.00. Government Exhibit 8.

On May 13, 1983, after much correspondence between the IRS and the debtor and her attorney concerning the estate tax liability, the IRS issued a "Past Due Final Notice", informing the debtor as personal representative of the estate that the tax liability totaled $5,973.57 and demanding payment of that amount within 10 days from the date of the notice. Exactly 10 days later, on May 23, 1983, the debtor filed an individual petition under Chapter 13 of the Bankruptcy Code. In the schedules accompanying the petition, the debtor listed the IRS as a creditor holding a claim in the amount of $5,973.57 and characterized the claim as an "Estate tax for Estate of Smaro Papadopulos". The mailing address of the IRS was also provided. Thus, the debtor was treating the IRS as a creditor by reason of her personal liability, arising pursuant to 26 U.S.C. § 6324(a)(2) (1982) of the Internal Revenue Code, for the failure of her mother's estate to pay the estate tax when due.

In a letter dated May 26, 1983, three days after the filing date of the debtor's petition, the IRS advised the debtor that the gross estate should be $150,000, rather than $90,000, and proposed a deficiency in estate tax against the estate of the debtor's mother of $14,381, which represented the tax due on the $60,000 difference. The IRS, however, did not file a proof of claim in the debtor's bankruptcy proceeding for any of the estate tax deficiency before the deadline for filing proofs of claim fixed by the court in the § 341 notice sent to creditors.

On February 13, 1984, the debtor filed a proof of claim on behalf of the IRS as permitted by the Bankruptcy Rules, asserting a priority claim in the amount of $5,973.57, the sum demanded by the IRS in the "Past Due Final Notice" sent to the debtor immediately before the filing of her petition and set forth in her bankruptcy schedules as the claim of the IRS.

The Chapter 13 trustee issued a supplemental report on filed claims on February 27, 1984, stating that the proof of claim of the IRS had been filed. The trustee's report contained the mailing address of the IRS; the same identification number used on the two federal estate tax returns filed by the debtor, followed by the words, "Es-

tate of Smaro Papadoupulos [sic]"; and the statement that the claim was "for prepetition estate tax due in 1970 . . . ." A copy of this report was mailed to the IRS on February 27, 1984.

No creditor objected to the confirmation of the debtor's plan, which the court confirmed in an order dated July 23, 1983. The debtor's plan proposed to make all priority payments required under 11 U.S.C. § 507, and to pay secured creditors and certain unsecured creditors outside of the plan. The plan contemplated a 100 percent payout on all claims. In the order confirming the debtor's plan, the court recited, among other things, that the debtor's plan had been found to comply with the requirements of 11 U.S.C. § 1322, had been filed in good faith as required under 11 U.S.C. § 1325(a)(3), and had been found to comply with the provisions of Chapter 13.

Eventually, the debtor completed all payments under her plan, enabling the Chapter 13 trustee to pay out all claims in full, including the IRS claim of $5,973.57. On June 20, 1986 the debtor filed an application for her Chapter 13 discharge, stating that she had completed all payments under her Chapter 13 plan.

On July 23, 1983, over a month after all payments under the debtor's plan had been completed and nearly 29 months after the original IRS proof of claim had been filed, the IRS filed an amended proof of claim, increasing its priority claim against the debtor to $34,985.73 for the estate taxes, accrued interest and penalty it asserted were owed by the debtor as of the filing date of her petition. The debtor objected to the IRS's amended claim on August 7, 1986, and on August 20, 1986 the IRS filed its complaint against the debtor, resulting in this proceeding.

## DISCUSSION

The IRS essentially makes three alternative requests for relief: (1) that the court declare the unpaid portion of its claim, as reflected in its amended proof of claim, nondischargeable under 11 U.S.C. § 1328(a); (2) that the court deny the debtor her Chapter 13 discharge or, alternative-

ly, dismiss her Chapter 13 petition because, the IRS contends, the debtor filed her petition in bad faith and is seeking a discharge in bad faith; or (3) that the court otherwise "fashion appropriate equitable relief" in this case. The court addresses each request in turn.

1. *The Dischargeability of the Unpaid Portion of the IRS's Amended Claim.*

The IRS first seeks a determination that the unpaid balance of its claim against the debtor is nondischargeable. Section 1328(a) of the Code outlines the scope of a discharge is Chapter 13 cases. In pertinent part that statute provides that:

> [a]s soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under § 502 of this title, except any debt—
>
> (1) provided for under section 1322(b)(5) of this title [long term debt]; or
>
> (2) of the kind specified in section § 523(a)(5) of this title [alimony and support].

11 U.S.C. § 1328(a). Tax claims do not fall under either of the two classes of nondischargeable claims. *In re Richards,* 50 B.R. 339, 341 (E.D.Tenn.1985); *In re Goodwin,* 58 B.R. 75, 76–77 (Bankr.D.Me.1986).

The language of § 1328(a) unambiguously establishes that, in order for a claim to be discharged, the claim must either be "provided by the plan" or "disallowed under § 502" of the Code. For a plan to "provide for" a claim within the meaning of § 1328(a), the plan must "make a provision for" the claim; that is, "deal with it or refer to it." *Matter of Gregory,* 705 F.2d 1118, 1122 (9th Cir.1983).

An examination of the debtor's Chapter 13 plan in the present case satisfies the court that the plan "provided for" the payment of the IRS's claim within the meaning of § 1328(a). The debtor's plan expressly stated that, from the debtor's payments into the plan, "the trustee shall make distributions as follows: (a) the priority payments required by 11 U.S.C. § 507

....." Indeed, for the debtor's Chapter 13 plan to have been confirmed by the court, her plan had to provide for the payment of the priority claims of § 507 in full in deferred cash payments, unless the holder of a particular claim agreed otherwise. 11 U.S.C. §§ 1322(a)(2), 1325(a)(1). The debtor's plan therefore must be read as providing for full payment of all claims entitled to priority. Since in the present case the claim of the IRS was originally filed as a priority claim and no party in interest objected,[1] the IRS's claim was entitled to treatment as a priority claim under § 507. *See* 11 U.S.C. § 502(a) (a proof of claim is deemed allowed unless a party in interest objects). Thus, by referring to the priority payments required under § 507, the debtor's plan made a provision for, or dealt with, the IRS's claim. Therefore, under the standard established by the Ninth Circuit in *Gregory,* the debtor's Chapter 13 plan "provided for" the payment of the IRS' claim within the meaning of § 1328(a).

Actual payment of a claim, even if the claim is a priority tax claim as in the present case, is not required for the claim to be dischargeable under § 1328(a), as long as payment of the claim is provided for by the Chapter 13 plan. *In re Richards,* 50 B.R. 339, 341 (E.D.Tenn.1985); *In re Goodwin,* 58 B.R. 75 (Bankr.D.Me.1986). In the present case, the debtor's Chapter 13 plan provided for full payment of the IRS's priority tax claim; however, the IRS received only $5,973.57 in payments under the plan simply because it did not amend its claim to assert a higher amount until after all payments under the debtor's plan had been completed. Had the IRS filed its amended claim prior to the termination of the debtor's plan, appropriate steps could have been taken to ensure that the IRS received payments for the additional amount asserted in its amended claim, assuming the IRS is entitled to that sum. Since the only prerequisite under § 1328(a) for the discharge of a debt is that the plan provide for the payment of the debt, not that the debt actually be paid, the court

concludes that the balance of IRS's claim, as reflected in the amended proof of claim it filed after termination of the debtor's plan, is dischargeable.

The significance of the fact that the IRS did not amend its claim until after the debtor had completed all payments under her Chapter 13 plan cannot be overemphasized. Section 1329(a) of the Code only authorizes the modification of a Chapter 13 plan before the completion of payments under the plan. Therefore, § 1329(a) precluded the debtor from modifying her plan, either by increasing payments or by extending the time for making payments, to accommodate the IRS's amendment to its proof of claim.

The failure of the IRS to amend its claim prior to the completion of the payments under the debtor's plan cannot be justified. The debtor listed the IRS as creditor on the schedules accompanying her bankruptcy petition, specifying that the debt was for an "Estate Tax for Estate of Smaro Papadopulos." More significantly, after the debtor filed the February 13, 1984 proof of claim on behalf of the IRS, the Chapter 13 trustee issued a supplemental report on claims, a copy of which was mailed to the IRS, stating that the claim had been filed. This report contained the same identification number used on the federal estate tax returns filed by the debtor, as well as the words, "Estate of Smaro Papadoupulos [sic]," and the statement that the claim was "for prepetition estate tax due in 1970 ...." These facts are sufficient to impute to the IRS knowledge that the debtor was treating the IRS as a creditor with respect to the estate tax liability. The filing by the IRS of its amended claim on July 23, 1986, nearly 29 months after the trustee issued her report and over a month after the debtor completed all payments under her plan, only demonstrates an inexcusable lack of diligence.

To be sure, bankruptcy courts, as courts of equity, should freely allow

1. Actually, the debtor objected to the original IRS proof of claim, but later withdrew her objection.

amendments to proofs of claim when the purpose is to cure a defect in the claim as originally filed or to describe the claim with greater particularity. *See, e.g., In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816–817 (9th Cir.1985). This is not to say that an amendment to a proof of claim is always permitted. To the contrary, an amendment should not be allowed if it would cause undue prejudice to an opposing party. *In re Sambo's Restaurant, Inc.*, 754 F.2d at 816–817; *In re White Motor Corp.*, 59 B.R. 286 (Bankr.N.D.Ohio 1986); *In re Newcomb*, 60 B.R. 520 (Bankr.W.D.Va.1986).

The court perceives ample indication of undue prejudice to the debtor in this case. The debtor relied on the total amount of claims filed in this case in determining how much money she was required to pay into her Chapter 13 plan for disbursement to creditors. As mentioned, the IRS did not amend its claim until after the debtor had completed all payments under her plan, thus entitling her to a discharge under § 1328(a) and preventing her from modifying the plan under § 1329(a) to accommodate the amended claim. Moreover, this reliance was not wholly unreasonable, given that the IRS was on notice at least as early as February 27, 1984, if not earlier, that the debtor was treating the IRS as a creditor with respect to the estate tax liability. Because the IRS could have amended its claim over two years before the debtor completed her payments under the plan, thus enabling the debtor to modify her plan to accommodate the amended claim, the court will not now allow the IRS to amend its claim. In any event, permitting the amendment of the claim at this stage of the proceeding would serve no useful purpose. As discussed above, the debtor's plan provided for full payment of the estate tax debt; but the entire debt, assuming it is in the amount now claimed by the IRS, was not paid simply because the IRS did not file a proof of claim to cover that amount before the debtor com-

pleted all payments under her plan. Since the debtor has completed all payments under her plan, this unpaid portion of the debt is subject to discharge under § 1328(a). Accordingly, to allow the amendment of a proof of claim after the termination of a Chapter 13 plan would accomplish nothing.[2]

### 2. *Dismissal or Denial of Discharge.*

■ Next the IRS, contending that the debtor filed her Chapter 13 petition in bad faith and is seeking a discharge in bad faith, requests that the debtor's Chapter 13 case be dismissed or, in the alternative, that the debtor be denied her discharge. The court rejects these requests.

There is sufficient indicia of the debtor's good faith in this case to rebut the IRS's charges. The debtor listed the IRS as a creditor on the schedules accompanying her bankruptcy petition, stating that the IRS claim was for the estate tax liability on her mother's estate. The amount of the claim listed by the debtor corresponded to the amount in the "Past Due Final Notice" sent by the IRS to the debtor immediately prior to the filing of the debtor's bankruptcy petition. Moreover, after the IRS failed to file a proof of claim within the time fixed by the court, the debtor filed a proof of claim on behalf of the IRS to ensure payment of the claim, even though the claim would have nevertheless been dischargeable if no payments were received. *See In re Richards*, 50 B.R. 339 (E.D.Tenn.1985). (Priority tax claim discharged under § 1328(a) where Chapter 13 plan provided for payment of claim but claim was not paid because no proof of claim was filed). Given this conduct, the court is unable to conclude that the debtor filed her Chapter 13 petition, or is seeking a discharge, in bad faith. Accordingly, dismissal of the debtor's petition under 11 U.S.C. § 1307(c) is not warranted.

Nor is denial of the debtor's discharge appropriate, even if bad faith were present in this case. Section 1328(a), which gov-

---

**2.** In *In re Newcomb*, 60 B.R. 520 (Bankr.W.D. Va.1986), the court permitted an amendment of a proof of claim after completion of payments under the debtor's plan where the Chapter 13 trustee held sufficient funds, which had been

paid into the plan by the debtor, to permit payment of the amended claim. In the present case, unlike in *Newcomb*, the Chapter 13 trustee does not hold any excess funds paid into the plan by the debtor.

erns discharges in Chapter 13 cases, unequivocally states that "the court shall grant the debtor a discharge" after completion by the debtor of all payments under the plan. 11 U.S.C. § 1328(a). The language of this section is unambiguous and provides no exceptions. Thus, since the debtor has completed all payments under her plan, the court must grant the debtor her discharge.[3]

3. *Fashioning Appropriate Equitable Relief.*

■ Finally, the doctrine of laches offers an effective defense against the IRS's request, raised in its brief to the court, that the court "fashion appropriate equitable relief" in this case. To establish laches, the evidence must show both an unreasonable delay and prejudice to defendant from the delay. *See, e.g., EEOC v. Martin Processing, Inc.,* 533 F.Supp. 227, 229 (W.D.Va. 1982). Both of these conditions are present here.

As the court has already determined, the delay of the IRS in amending its proof of claim demonstrates an inexcusable lack of diligence. The debtor's listing of the IRS as a creditor and the trustee's supplemental report on claims provided the IRS with ample notice that the debtor was treating the IRS as a creditor with respect to estate tax liability. Yet despite such notice, the IRS delayed for nearly two and half years before amending its earlier proof of claim. In fact, by the time the IRS filed its amended claim the debtor had already completed all payments under her Chapter 13 plan and had filed an application for her Chapter 13 discharge. The IRS's delay simply cannot be justified.

This lack of diligence has also been prejudicial to the debtor, for reasons substantially similar to those stated earlier. Because the IRS filed its amended claim and commenced this action after the debtor had already completed all payments under her Chapter 13 plan, despite the ample notice it had that the debtor was treating it as a creditor, the debtor was precluded from modifying her plan under § 1329(a) or taking some other appropriate action. Thus, the delay of the IRS in amending its claim has been prejudicial to the debtor, and the court therefore sees no justification for granting the IRS's request to fashion appropriate equitable relief in this case.

CONCLUSION

For the foregoing reasons, the court will enter an appropriate order (1) declaring dischargeable the balance of the IRS's claim, as reflected in its amended proof of claim, that was not paid because the claim was amended after the completion of the payments under the debtor's plan; (2) disallowing the IRS's amended proof of claim; and (3) dismissing the IRS's complaint.

---

3. The provisions of 11 U.S.C. § 727(a), which set out ten grounds for denying a debtor a discharge, do not apply to discharges granted in Chapter 13 cases. 11 U.S.C. § 103(b); *see In re Parker,* 49 B.R. 61 (Bankr.E.D.Va.1985).