**In re SASSON JEANS, INC., d/b/a Sasson Industries and Sasson, Debtor.**

**Bankruptcy No. 86 B 12438 (BRL).**

United States Bankruptcy Court,
S.D. New York.

Feb. 28, 1989.

See also, D.C., 90 B.R. 608.

Cole & Deitz, New York City, for the trustee; Jennifer L. Sulzberger, Angela G. Tese, of counsel.

David D. Wallerstein by David D. Wallerstein, New York City, for movant/creditor.

## MEMORANDUM DECISION ON MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE PROOF OF CLAIM

BURTON R. LIFLAND, Chief Judge.

### ISSUE

Whether this Court should enlarge a previously expired 60 day filing period based upon "excusable neglect" enabling a landlord claimant to file a proof of claim for the damages incurred by reason of the rejection of the Debtor's lease.

### FACTS

On July 14, 1987, 498 Seventh Avenue Associates (the "Landlord") filed two proofs of claim, one in the amount of $22,-870.00 representing pre-petition rent arrears and one in the amount of $137,437.68 denominated as "post-petition" rents due in connection with the Debtor's lease agreement with the Landlord. Subsequently, in August 1987, the Sasson chapter 11 Trustee (the "Trustee") moved to reject the lease. A hearing on the motion was held on November 18, 1987. Counsel for the Landlord ("Counsel") appeared and took

part in the hearing, did not object to the requested relief and remained in the Courtroom when the rejection Order (the "Order") prescribing a time limit for the Landlord to file a proof of claim based upon rejection damages was submitted to and signed by this Court pursuant to Bankruptcy Rule 3002(c)(4)[1]. No rejection claim as such was ever filed.

Counsel asserts that the deadline portion of the Order (normally a part of every rejection order) was never specifically discussed between attorneys in this matter. Consequently, he has attached the transcript of the hearing to his moving papers as evidence that neither any oral requests were made to the Court nor did the Court orally order this time limitation. (See, Affidavit of David D. Wallerstein at ¶ 5). Counsel further asserts that he did not see the Order at the time of the hearing and thus "[he] did not expect it to contain a time limitation on the Landlord's right to file a supplemental proof of claim". (Id. at ¶ 7). He maintains that the Order "was never served upon [his] office, nor, to the best of [his] recollection, was a copy forwarded to [his] office by the Court." (Id. at ¶ 8). Finally, Counsel states that it was not until August 1988, when the Trustee filed its objection to the Landlord's "post-petition" proof of claim that he became aware that the Order signed, in his presence, required that filing of a rejection claim take place within 60 days of the Order's entry. (Id. at ¶ 9). Thus, Counsel now moves pursuant to Bankruptcy Rule 3003(c)(3) and Rule 9006(b)(1) based on the doctrine of "excusable neglect" for an order enlarging the previously expired 60 day period set forth in the November 18, 1987 Order of this Court enabling the Landlord to file a proof of claim for the damages incurred by reason of the rejection of Debtor's lease.

The Trustee, on the other hand, argues that Counsel was present at the hearing when the Order was signed and was provided an opportunity to review the Order at

1. Bankruptcy Rule 3002(c)(4) provides as follows:

A claim arising from the rejection of an executory contract of the debtor may be filed within such time as the court may direct.

that time. In addition, the Trustee asserts that although Counsel's attention was specifically directed to the 60 day deadline in August 1988 pursuant to the Trustee's objection to his filed claims, Counsel never attempted to file a rejection claim and did not move for any extension of time until January of 1989, five months after he allegedly became aware of this deadline.

It should be noted that on November 8, 1988, a hearing on the Trustee's objection to the earlier "post-petition" rent claim was held before this Court. As no one appeared on behalf of the Landlord and no papers were served in response to the objection, this Court signed an Order expunging the Landlord's claim. It is also noteworthy that this claim in the amount of $137,437.68 was filed months before the rejection of the lease. Furthermore, Counsel *never* filed a rejection proof of claim and as discussed more fully below, under the circumstances in this case, there is absolutely no basis shown to consider the pre-rejection, "post-petition" claim as a converted one for rejection. Although Counsel, attributing his failure to appear at the November 8th hearing to a misunderstanding as to the date of the hearing, did separately move by affidavit dated November 15, 1988 to reinstate the Landlord's expunged proof of claim, the moving papers were insufficient to establish grounds for vacating the expungement order. As a result, on December 6, 1988, this Court denied Counsel's motion without prejudice.[2]

### Discussion

Counsel now moves for an extension of time pursuant to Bankruptcy Rule 3003(c)(3) and 9006(b). Rule 3003(c)(3) provides: "The Court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Rule 3003(c)(3) must be read in conjunction with Bankruptcy Rule 9006(b). *In re South Atlantic Financial Corp.,* 767 F.2d 814, 917 (11th Cir.1985); *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). Rule 9006(b) provides in pertinent part:

(b) Enlargement.

(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect.

There has been considerable precedent in both the Southern District of New York and in other courts regarding the standards used for determining whether there has been a demonstration of "excusable neglect" by the applicant. *See, In re O.P.M. Leasing Services, Inc.,* 35 B.R. 854 (Bankr.S.D.N.Y.1983), *aff'd in part,* 48 B.R. 824 (S.D.N.Y.1985); *In re Waterman S.S. Corp.,* 59 B.R. 724 (Bankr.S.D.N.Y. 1986); *Miller v. Austin,* 72 B.R. 893 (S.D. N.Y.1987). Courts have placed the burden on the party seeking relief to demonstrate circumstances constituting "excusable neglect". *In re Horvath,* 20 B.R. 962, 966 (Bankr.S.D.N.Y.1982); *In re O.P.M. Leasing,* 48 B.R. at 830.

The phrase "excusable neglect" is defined neither in the Bankruptcy Code nor the Bankruptcy Rules and has been described by courts as "words of art". *In re Horvath,* 20 B.R. at 966. (quoting *In re Manning,* 4 B.C.D. 304, 305 (Bankr.D. Conn.1978)). Courts have interpreted "excusable neglect" to be the "failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Id. See also, In re O.P.M. Leasing,* 35 B.R. at 866; *In re Ochoa,* 74 B.R. 191, 196 (Bankr.N.D.N.Y.1987); *In re Figueroa,* 33 B.R. 298, (Bankr.S.D.N.Y.1983); *In re World Wide Gifts, Inc.,* 10 B.R. 761, 764 (Bankr.S.D.N.Y.1981); *In re Breining,* 8 B.R. 17, 21 (Bankr.S.D.N.Y.1980). "An applicant relying upon 'excusable neglect' must cite circumstances that are unique or extraordinary." *In re O.P.M. Leasing,* 35

---

**2.** The other claim in the amount of $22,870.00 is not at issue here.

B.R. at 866. (quoting *Maryland Casualty Company v. Conner*, 382 F.2d 13, 17 (10th Cir.1967)); *See In re Standard Poultry Co., Inc.*, 5 B.R. 643, 645 (Bankr.E.D.Pa. 1980). "An 'extension will not be granted where the delay could have been prevented by the diligence of the party. Ordinary negligence is not enough.'" *In re Breining*, 8 B.R. at 21. (quoting, *In re Starkey*, 1 CBC 138, 142 (W.D.Wis.1973)).

There are three factors to be considered in determining the existence of excusable neglect: (1) the adequacy of notice provided; (2) the source of the delay and the sophistication of the creditor; and (3) the prejudice, if any that will inure to the debtor should the objection be allowed. *In re O.P.M. Leasing*, 35 B.R. at 866; *In re Horvath*, 20 B.R. at 966.

In *In re O.P.M. Leasing*, this Court examined the aforementioned criteria in the context of a similar motion to file a late proof of claim. In determining that the strict standard for excusable neglect had not been met by the moving parties, it was found that the moving parties "did indeed have such reasonable control over the events relating to this reorganization as to render it possible for them to have acted in a timely fashion." 35 B.R. at 867.

Likewise, this Court finds that Counsel has not met his burden in demonstrating that his failure to timely perform was due to circumstances which were beyond his reasonable control. Counsel was present at the November 18, 1987 hearing when the Order was signed. As noted by Judge Duberstein, "[d]eadlines are a fact of life in the legal profession." *In re Carlton*, 72 B.R. 543, 546 (Bankr.E.D.N.Y.1987). It is inconceivable, based upon the sophistication of Counsel and his involvement in these and other bankruptcy proceedings, that Counsel's actions or lack thereof, constituted "excusable neglect" where he did not examine the Order at the time of the rejection hearing in light of the fact that the proceeding had a direct impact on his client's interests.

Additionally, in order for the moving party to meet the "excusable neglect" standard, it is essential that he demonstrate a lack of control over the events which caused the oversight. *In re Horvath*, 20 B.R. at 966. In a separate *In re O.P.M. Leasing* adversary proceeding, for example, the Second Circuit emphasized that the words "excusable neglect" must be strictly interpreted in the context of a motion to file an out-of-time appeal because of an attorney's office oversight or lack of due diligence in finding out when the District Court had issued its opinion. *In re O.P.M. Leasing Services Inc.*, 769 F.2d 911, 916 (2d Cir.1985). The Court quoting Moore's Federal Practice stated:

> the burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing....

*Id.* at 917. (quoting, 9 Moore's Federal Practice, ¶ 204.13[1.–3] at 4–97–98 (2d.Ed.1985); *See also, Spound v. Mohasco Indus., Inc.*, 534 F.2d 404, 411 (1 Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed. 2d 167 (1976). Thus, Counsel is precluded from a finding that his conduct amounts to "excusable neglect" as he has not shown that he has acted with the prerequisite due diligence or that he lacked control over the events which resulted in this oversight. Certainly, there is nothing unique and unusual demonstrated here to lead to a finding of "excusable neglect" under the standards of this Circuit.

Counsel also maintains in his moving papers that the reason he did not file a rejection proof of claim was that he was not served with the Order setting forth the bar date and thus he was not put on notice that such a bar date existed. However, this is not a case in which proper service is at issue. Indeed, Counsel was put on either actual or constructive notice of a bar date for his rejection proof of claim several times within the course of these Bankruptcy proceedings.

By Court Order signed on June 9, 1987, a bar date of July 16, 1987 for filing proofs of claim in the Sasson Chapter 11 proceeding was established. Movant does not dispute that notice of this original bar date

was adequate. The hearing to reject the lease was held several months after this bar date on November 18, 1987. Thus, Movant was on notice at the time of that hearing that the bar date for filing proofs of claim had already passed and therefore, at the very least, should have made inquiry as to an enlargement of time for his client to file the rejection proof of claim.

In addition, when Counsel did become aware of his oversight in August of 1988, he did nothing to preserve his client's interests. Now, in the 12th hour of this bankruptcy proceeding, on the eve of a first distribution, Counsel moves for an extension of time. The prejudice to the Debtor, the creditors and the whole estate at this late date is substantial. The Landlord's claim is for a large sum of money consideration of which at this time would be detrimental to the Trustee's administration and reorganization of the estate. The Trustee has been moving in an expedited fashion and the uncertainty of dealing with a large claim at this juncture would, indeed, penalize more vigilant creditors who have timely asserted their claims.

Parenthetically, it should be noted that not only was rejection actually and clearly brought home to the Landlord pursuant to the motion to reject, but additionally, notice of rejection was reinforced if not restated in the disclosure statement and the Sasson Plan of Reorganization dated February 25, 1988 and subsequently confirmed on May 18, 1988 which provides:

Any claim for damages arising by reason of the rejection of any executory contract or lease or sublease shall constitute a Claim, if, but only if a proof of claim therefor shall be timely filed with the Clerk of the Court or such other party as the Court may direct or may have directed by a Final Order....

To allow the Movant to file a proof of claim at this time, almost one year since the Sasson Plan of Reorganization put him on notice that the rejection claim must be timely filed and seven months after confirmation "would defeat the time-honored doctrine of res-judicata." *In re Penn–Dixie Industries, Inc.,* 32 B.R. 173, 177 (Bankr.S. D.N.Y.1983). As the United States District Court for the Southern District of New York stated in *In re O.P.M. Leasing,* "(i)t is generally improvident to grant permission to file late proofs of claim ... and this case is no exception to that general rule." 48 B.R. at 831; *In re Young,* 1 B.R. 387, 390 (Bankr.M.D.Tenn.1979).

■ Although not stated in Counsel's motion papers, Counsel suddenly proposed at the hearing that it would be equitable for this Court to consider the expunged pre-rejection claim in the amount of $137,-437.68 for "post-petition" rents as a converted claim for rejection. However, this pre-rejection claim was filed months before the rejection of the lease and as § 502(b) and (g)[3] clearly accord damages arising from rejection as pre-petition, the filing of a claim months before the lease was rejected has not the slightest nexus to a rejection claim. Furthermore, as Counsel never filed a rejection claim or demonstrated any

---

**3.** Section 502(b) and (g) provide in pertinent part as follows:

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim ... as of the date of the filing the petition, and shall allow such claim in such amount, except to the extent that—

\*　　\*　　\*　　\*　　\*　　\*

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—
(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease following the earlier of—

(i) the date of the filing of the petition; and
(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

\*　　\*　　\*　　\*　　\*　　\*

(g) A claim arising from the rejection, under section 365 of this title or under a plan ..., of an executory contract or unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

basis at equity or law which would warrant resuscitating the pre-rejection claim in a metamorphosed form, this requested treatment must be rejected.

Therefore, based upon the aforementioned analysis, the Landlord's motion for an order extending its time to file a rejection proof of claim beyond the sixty day period set forth in this Court's Order of November 18, 1987 is denied.

An Order has been entered in accordance with the foregoing opinion.