In re COMMONWEALTH ALUMINUM SUPPLY, INC., Debtor.

Bankruptcy No. 88–00318–AT.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Oct. 20, 1989.

Valerie P. Morrison, Gold & Stanley, P.C., Alexandria, Va., for debtor.

John B. Raftery, Deckelbaum, Ogens & Fischer, Chtd., Washington, D.C., Counsel for Golansky Const., Inc.

Martin P. Schaffer, Potomac, Md., Atty. & Agent for Golansky Companies, Inc.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This matter is before the Court on the motion of Golansky Construction Inc., pursuant to Rule 3003(c)(3) of the Rules of Bankruptcy Procedure, to file a proof of claim after the bar date for filing claims. The debtor opposes the motion.

A hearing on the motion was held on August 3, 1989, at which time the Court took evidence and heard argument. Subsequently, counsel for both parties submitted briefs.

For the reasons and upon the conditions stated in this opinion, the motion will be granted to the extent that the movant may file a proof of claim which amends the claim of Golansky Companies, Inc.

### Facts

In July 1987, the debtor Commonwealth Aluminum Supply, Inc. ("Commonwealth"), a roofing and sheet metal contractor, submitted a bid to Golansky Companies, Inc. ("Golansky Companies"), to construct a new roof at Culpeper Mall, Culpeper, Virginia. By letter dated September 22, 1987, Golansky Companies advised Commonwealth in writing that it had been selected to perform the job. This letter was signed by John W. Grastorf ("Grastorf") as director of construction for Golansky Companies. Grastorf was the project manager for the Culpeper Mall job; he was later replaced by C. Bernard Durden ("Durden").

By a printed transmittal form under the letterhead of Golansky Companies dated October 12, 1987, and signed by Grastorf, a fully executed copy of the construction contract was sent to Commonwealth. The contract, which was dated October 1, 1987, stated the names of the contracting parties as Golansky Construction, Inc. ("Golansky Construction"), as contractor and Commonwealth Aluminum Roofing as subcontractor.[1]

Golansky Companies and Golansky Construction were related but separate corporations. The capital stock of both corporations was owned by Shel Golansky, who was also president of both. The fact that these were separate corporations was never discussed by the representatives of either Golansky entity with Commonwealth's management.

During the period of Commonwealth's performance of the construction contract, correspondence it received from Golansky Construction came on the printed letter-

---

**1.** Commonwealth operated under a trade name    of Commonwealth Aluminum & Roofing.

head of Golansky Companies and was signed by Grastorf or later by his replacement Durden. In some but not all instances the correspondence contained a typed signature block in the name of Golansky Construction.

Commonwealth commenced to perform the roof contract and worked on the project for some time. It remitted invoices to Golansky Companies, and received interim payments by checks drawn on the account of Golansky Construction. Eventually, Commonwealth stopped work and withdrew from the job site.

On February 22, 1988, Commonwealth filed its reorganization petition under chapter 11 of the Bankruptcy Code and since that time has operated as debtor in possession.

The debtor's bankruptcy petition and schedules did not reflect any indebtedness owed either to Golansky Construction or Golansky Companies. Consequently, neither of these entities has received notices issued by the Clerk of the Bankruptcy Court during the pendency of the chapter 11 case.

Pursuant to Bankruptcy Rule 3003(c)(3) and the Section 341 meeting notice of the Clerk of the Bankruptcy Court dated March 9, 1988, the last date for filing claims against the debtor was set at June 30, 1988 (90 days after the § 341 meeting scheduled for April 1, 1988).

Although the debtor's schedules did not list any indebtedness to either Golansky entity, shortly after the filing of the petition a representative of the debtor contacted the Golansky project manager, Durden, and advised him of the filing. Subsequently, debtor's counsel had contact with counsel for Golansky Companies concerning the debtor's rejection of the contract of October 1, 1987.

On April 28, 1988, the debtor's counsel filed a motion to reject "any executory contract with Golansky Companies, Inc.". The memorandum which accompanied the motion stated that the debtor had on October 1, 1987, entered a contract with Golansky Companies for roofing repair at Culpeper Mall. On June 15, 1988, an order was entered by this Court granting the motion and rejecting the contract. The order's endorsement indicated the consent of counsel for Golansky Companies.

Prior to June 30, 1988, an unsecured proof of claim was filed in the name of Golansky Companies in the amount of $234,758.49. Attached to the claim was a copy of the construction contract of October 1, 1987, between the debtor and Golansky Construction.

Subsequently, beginning in the fall of 1988 the present counsel of Golansky Construction became involved and undertook discovery concerning indebtedness arising out of the debtor's failure to complete the Culpeper roof contract.

On May 10, 1989, Golansky Construction's counsel filed for the company the motion under Rule 3003(c)(3) requesting the Court to extend the time for Golansky Construction to file a claim. On June 2, 1989, debtor's counsel filed its objection to this motion. Also, on May 15, 1989, debtor's counsel filed an objection to the proof of claim previously filed by Golansky Companies.

### Discussion and Conclusions

Counsel for Golansky Construction bases his motion to permit late filing of the claim on the concept of excusable neglect. This in turn is based upon counsel's argument that there was confusion as to the proper Golansky claimant because of the two different corporations. Alternatively, the counsel asks the Court to allow Golansky Construction to file its claim as an amendment to the timely filed claim of Golansky Companies.

The facts in summary here reveal that the debtor did not schedule any indebtedness arising out of its executory roofing contract with Golansky Construction, and therefore neither Golansky Construction nor Golansky Companies received notices coming out of the bankruptcy case, including notice of the final date for filing claims. However, shortly after the case was filed, both Golansky corporations received notice of the bankruptcy filing when a representa-

tive of the debtor contacted the project manager who was an employee of both Golansky Construction and Golansky Companies. Moreover, discussions were held between debtor's counsel and counsel for Golansky Companies, which led to a consent order for the debtor's rejection of the executory construction contract of October 1, 1987, and to the timely filed proof of claim on behalf of Golansky Companies.

It appears that until recently neither debtor's management nor its counsel were aware of the separate Golansky corporations. Golansky Construction's argument that the debtor's representatives are responsible for the confusion over the appropriate Golansky corporation creditor is patently without merit. The operators of the two Golansky corporations (which apparently had the same management) had every opportunity to clear up the confusion as soon as they learned of the debtor's bankruptcy petition, and their inept handling of the matter is beyond the Court's comprehension. Although the Court's criticism does not apply to present counsel of Golansky Construction, it is still not clear to the Court why it was necessary for counsel to depose the debtor in order to determine who was the proper claimant for damages arising out of the rejection of the contract.

EXCUSABLE NEGLECT.

■ The bankruptcy court has discretion to extend the time for filing claims after the bar date if the claimant can establish that its failure to timely file is based upon excusable neglect. *See* Bankr.R. 3003(c)(3), 9006(b); *Maressa v. A.H. Robins Co., Inc.*, 839 F.2d 220 (4th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 76, 102 L.Ed.2d 53 (1988); *Biscayne 21 Condominium Assoc. Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814 (11th Cir.1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986); *In re Sasson Jeans, Inc.*, 96 B.R. 457 (Bankr.S.D.N.Y.1989).

In general, the cases hold that the failure to timely file a claim may be excusable where there are unique or extraordinary circumstances beyond the reasonable con-

trol of the person having the duty to file. *In re Sasson Jeans, Inc.*, 96 B.R. at 459.

■ Some decisions have held that the failure of the claimant to receive notice of the bar date from the court in itself constitutes excusable neglect. *See Bratton v. The Yoder Co. (In re The Yoder Co.)*, 758 F.2d 1114, 1118 (6th Cir.1985); *In re Heater Corp. of The Americas, Inc.*, 97 B.R. 657 (Bankr.S.D.Fla.1989). However, this Court declines to adopt such a per se rule. *See In re Larsen*, 80 B.R. 784 (Bankr.E.D. Va.1987).

■ In this Court's opinion, Golansky Construction has not established that its failure to file a claim was due to excusable neglect under the principles established by the many decided cases. The claimant, having the same ownership and management as Golansky Companies, had early notice of the bankruptcy filing of Commonwealth. It was the duty of the two Golansky corporations, not the debtor, to determine which corporation should have filed the claim.

ALLOWANCE OF CLAIM AS AMENDMENT.

■ Golansky Construction's alternative argument urges the Court to treat the Golansky Companies' timely proof of claim as an informal claim by Golansky Construction so as to allow the construction company to amend the claim and designate itself as the proper claimant.

The debtor opposes this position on the technically correct grounds that the Golansky entities are separate corporations, and Golansky Construction has filed no claim which it may amend.

As illustrated by the cases cited below, a timely filed proof of claim may be amended after the bar date. Difficulty in applying this rule has arisen in a number of situations where the timely document was not a formal proof of claim; in these instances the question is whether the documentation filed can qualify as an informal claim which may be amended after the bar date.

■ Bankruptcy courts have rather freely allowed the amendment of informal

claims where certain conditions are met. These conditions include the following:

(1) There was a timely written demand against the debtor which clearly demonstrated the claimant's intent to hold the debtor liable. *Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.)*, 754 F.2d 811, 815 (9th Cir.1985); *In re Middle Plantation of Williamsburg, Inc.*, 48 B.R. 789, 795 (E.D.Va.1985).

(2) The amendment is necessary as the result of the filing party's lack of knowledge or mistake of fact, and the purpose of the amendment is to cure a defect in the original claim. Additionally, amendment may be allowed to describe the claim with greater particularity or to plead a new theory of recovery. *Biscayne 21 Condominium Assoc., Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d at 819; *United States v. Vlavianos (In re Vlavianos)*, 71 B.R. 789, 794 (Bankr.W.D.Va.1986); *Newcomb v. United States (In re Newcomb)*, 60 B.R. 520, 522 (Bankr.W.D.Va.1986); *In re Sound Emporium Inc.*, 48 B.R. 1, 2 (Bankr.W.D.Tex.1984).

(3) The debtor has not relied on the original claim to its detriment, or the allowance of the amendment will not unfairly prejudice the debtor. *United States v. Vlavianos (In re Vlavianos)*, 71 B.R. at 794; *Newcomb v. United States (In re Newcomb)*, 60 B.R. at 523; *In re Sound Emporium, Inc.*, 48 B.R. at 2.

The facts of the present case seem to fit within the case rulings allowing amendment of an informal claim, with one possible major exception: Can the proof of claim of Golansky Companies which included a copy of the debtor's contract with Golansky Construction be regarded as an informal claim of Golansky Construction?

In a broader context than presented by the issue here, the United States Supreme Court has stated that the equitable powers of the bankruptcy court concerning the allowance of claims are to be exercised so "that substance will not give way to form, [and] that technical considerations will not prevent substantial justice from being done". *Pepper v. Litton*, 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939).

In *Fyne v. Atlas Supply Co.*, 245 F.2d 107 (4th Cir.1957), the Court of Appeals for the Fourth Circuit set out the following statement as a general rule for application on the question of allowing amendment of informal proofs of claim:

"The trend of modern decisions on this question, without exception, is to the effect that, where there is anything in the record in the bankruptcy case which establishes a claim against the bankrupt, it may be used as a basis for amendment after the expiration of the statutory year, where substantial justice will be done by allowing the amendment."

*Fyne*, 245 F.2d at 108 (quoting *In re Fant*, 21 F.2d 182, 183 (D.S.C.1927)). Also cited in *Fyne* was *Globe Indem. Co. of Newark, N.J. v. Keeble*, 20 F.2d 84, 86 (4th Cir.1927), in which an amended claim was allowed against a bankrupt partner where the original claim was against the partnership.

This Court concludes that the situation here is one that should be resolved in light of the liberality of the rule to allow the filing of amended claims and also with a view to common sense. Notwithstanding the incorrect claimant's name, the original claim did include a copy of the debtor's contract with Golansky Construction. The debtor was well aware that a claim had been filed for damages arising out of its rejection of that contract, and the fact that Golansky Construction is the actual claimant makes no substantial change in the situation and works no unfair prejudice to the debtor. The debtor has filed its objection to any liability for damages under the contract, and the issue of allowability of a claim will remain to be resolved.

Substantial justice requires the Court to allow Golansky Construction to amend the prior timely filed claim so as to assert the claim in its own name. The Court's ruling is conditioned upon the filing of a statement by Golansky Companies to the effect that it no longer asserts the claim which it filed.

A separate order will be entered granting Golanksy Construction's motion to the

extent that it may file an amended proof of claim for damages allegedly resulting from the debtor's breach or rejection of the contract of October 1, 1987, conditioned as stated above. The amended claim and statement by Golansky Companies must be filed within twenty days from the entry of the Court's order.