**In the Matter of Violet GONZALEZ, Debtor.**

**Bankruptcy No. 82–01366A.**

United States Bankruptcy Court,
N.D. Georgia.

July 24, 1984.

Richard N. Barg, Atlanta, Ga., for debtor.

Douglas P. Roberto, Asst. U.S. Atty., Atlanta, Ga., for IRS.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Before the Court is the debtor's motion to compel the Chapter 13 trustee to turn over the debtor's federal income tax refund for the tax year 1982. The debtor has contended that as her confirmed Chapter 13 plan did not require her 1982 federal income tax refund to fund the plan the debtor is entitled to recover the income tax refund. The trustee, in response to the debtor's position, has argued that (1) the Chapter 13 trustee receives the refund check as a result of § 542[1]; and (2) pursuant to § 1302(b)[2], the trustee has a duty to collect and distribute such funds to creditors. The IRS has also submitted a brief.

 Section 542 is inapposite in a Chapter 13 case; the Chapter 13 debtor controls the distribution of available property. *In re Reid,* Case No. 82–05869A, (BC ND GA, June 30, 1983), from this district, has held the debtor is entitled to the income tax refund. *See also In re Lee,* 35 B.R. 452 (BC ND GA, 1983). This Court agrees with both the reasoning and conclusion announced in *Reid, supra.* Sections 1306 and 1327 provide that the debtor retains all property and post petition income except as provided in the confirmed plan and order to be paid to creditors under the plan. Thus, the debtor is entitled to receive a federal income tax refund where the debtor's confirmed Chapter 13 plan did not submit the income tax refund for funding of the Chapter 13 plan, and the debtor

has been current in his Chapter 13 payments to the Chapter 13 trustee.

The trustee is instructed to turn over all of the 1982 federal income tax refund currently in his possession.

---

1. § 542. Turnover of property of the estate

. . . .

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor. . . .

2. § 1302. Trustee

. . . .

(b) The trustee shall—
(1) perform the duties specified in sections 704(2), 704(3), 704(4), 704(5), 704(6), and 704(8) of this title; . . . .