In re Scott A. MITCHELL and Jean H. Mitchell, Debtors.

Bankruptcy No. 88–01011.

United States Bankruptcy Court,
W.D. Virginia,
Lynchburg Division.

March 29, 1990.

Laurence P. Morin, Lynchburg, Va., Chapter 13 trustee.

R. Mitchell Garbee, Lynchburg, Va., for debtors.

R. Scott Clarke, Trial Attorney, Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM OPINION

WILLIAM E. ANDERSON,
Bankruptcy Judge.

The issues presented to the court are: (1) whether to allow the filing of an amended proof of claim; and (2) whether the Chapter 13 trustee can recover the amount overpaid to a creditor and subsequently refunded to the debtors from either the creditor or the debtors.

The court will allow the filing of the amended proof of claim and will allow the trustee to recover the amount refunded to the debtors from them.

### FACTS

On September 22, 1988, Scott Mitchell and Jean Mitchell ("debtors") filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code. The debtors' confirmed

plan provides for the payment of $200.00 per month to the trustee for thirty-six months. The plan also provides for the revesting of title to the debtor's property in the debtor upon confirmation. According to the Trustee's Report as to Proof of Claims Filed, unsecured creditors are to receive 100% distribution.

The debtors' Chapter 13 Statement indicates that they were not entitled to any tax refunds. Section 12(a) of the Statement, listing debts having priority, states that the debtors were jointly liable to the Internal Revenue Service ("IRS") for $700.00 for 1986 and 1987 taxes.

On January 4, 1989, the IRS filed a proof of claim for $3,530.79 for 1986 and 1987 taxes as an unsecured priority claim. The claim for 1987 taxes was estimated. On March 8, 1989, the IRS moved the court to require the debtors to file a 1987 tax return. Subsequently, the motion was dismissed because the debtors had filed the returns.

On December 1, 1989, the IRS filed an amended proof of claim for $550.37. The trustee objected to the claim. Prior to filing the amended proof of claim, the IRS returned a check to the debtors. Then the IRS wrote to the debtors stating that it had erroneously refunded $635.06 to them when it should have refunded the money to the trustee. The IRS requested that the debtors pay the trustee that amount.

On the same day that it wrote to the debtors, the IRS informed the trustee that it had filed an amended proof of claim which had been satisfied. The IRS stated that the trustee had overpaid its claim in the amount of $713.63, that it would forward the amount of $87.57 to the trustee and that the trustee would receive $635.06 from the debtors.

The trustee's objection to the amended proof of claim states that he has paid $1,264.00 towards the $3,530.79 claimed as owing by the IRS. He objects to the amended claim on the grounds that it has been paid in full. Additionally, he states that the IRS, by erroneously refunding money to the debtor, took funds from him that he could have used to pay general unsecured creditors. The trustee requests that the court deny the amended claim and direct the IRS to return the amount paid to it by the trustee. If the court decides not to disallow the claim, the trustee requests that the court either require the debtors to turn over the refunded amount or increase their payments to the trustee to cover the overpayment to the IRS.

## DISCUSSION

First, the court must decide whether to allow the IRS' amended proof of claim. This court has previously stated that it must subject post bar date amendments to proofs of claim to careful scrutiny to prevent an attempt to file a new claim under the guise of an amendment. *In re Newcomb*, 60 B.R. 520, 522 (Bankr.W.D.Va. 1986). The court should freely allow an amendment when the purpose is to cure a defect in the claim as it was originally filed. *In re Vlavianos*, 71 B.R. 789, 793–94 (Bankr.W.D.Va.1986). However, if an amendment will cause undue prejudice to an opposing party, then the court should not allow it. *Id.* at 794.

The IRS is not trying to file a new claim. Rather, it is trying to clarify its claim by having the file indicate that it overestimated its January 4, 1989 claim for $3,530.79 for the debtors' 1986 and 1987 taxes. The proposed amended claim for $550.37 is also for the debtors' 1986 and 1987 taxes. Both the trustee and the IRS acknowledge that the trustee has already paid the IRS $550.37. Consequently, this court finds that no prejudice will result to the trustee, as the opposing party, if the amended claim is allowed.

Now the court must decide whether the trustee can recover the amount of the overpayment. The court has been unable to find any authority that directly addresses this issue.

In *Matter of Gonzalez*, 42 B.R. 401 (Bankr.N.D.Ga.1984), cited by the IRS, a Chapter 13 debtor moved to compel the trustee to turn over the debtor's federal income tax refund. The court recognized that 11 U.S.C. §§ 1306 and 1327 provide for

a debtor to retain all property and post petition income except for what the confirmed plan and order provide for the creditors to receive under the plan. The court held that the debtor was "entitled to receive a federal income tax refund where the debtor's confirmed Chapter 13 plan did not submit the income tax refund for funding of the Chapter 13 plan, and the debtor has been current in his Chapter 13 payments to the Chapter 13 trustee." *Matter of Gonzalez*, 42 B.R. at 402. Consequently, the court ordered the trustee to turn over all of the refund which he possessed.

In *In re Beasley*, 34 B.R. 51 (Bankr.S.D. N.Y.1983), some creditors in two Chapter 13 cases failed to file proofs of claim. The debtors argued that, as a result, their payment obligations should be reduced or, alternatively, that their confirmed plans should be modified. The court noted that 11 U.S.C. § 1322(a)(1) speaks of "amounts it requires the debtor's plan to 'provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan.'" *In re Beasley*, 34 B.R. at 53. Those funds go to the creditors except as otherwise provided by the plan or the order confirming the plan. 11 U.S.C. § 1326(c).

The court noted that the debtors' plans and the orders of confirmation did not state that an unforeseen reduction in the number of creditors would cause a reduction in the amount of the debtors' payments under the plans. Additionally, the court stated that the Bankruptcy Code does not provide for such a reduction in payments.

The court decided that a provision in the plan providing for reduced payments would be contrary to the § 1325(a)(3) good faith standard:

> If there remain creditors who are not to be paid in full under the plan, they should receive the increased dividend occasioned by the failure of others to file. To rule otherwise would impugn the process employed to calculate the debtor's surplus income and the good faith of the debtor in proposing the plan.

*In re Beasley*, 34 B.R. at 54. Accordingly, the court denied the motion to modify and held that the unsecured creditors were to receive a pro rata distribution of all funds currently held by or that were owing to the trustee. *In re Beasley*, 34 B.R. at 54–55; *See also In re Gray*, 28 B.R. 348 (Bankr.S. D.N.Y.1983).

*Matter of Gonzalez* and *In re Beasley* indicate that when a creditor of a Chapter 13 debtor receives payments under the plan in excess of his claim, the excess funds should again be used to fund the plan. The IRS contends that the refund of the overpayment was not intended as payment for other creditors and was not included in the Chapter 13 plan. However, the IRS initially received the overpayment from the trustee and the source of the overpayment was money that the debtors paid to the trustee to fund the plan. The court in *Matter of Gonzalez* allowed the refund to go to the debtors. It appears that the source of the payments from which the refund resulted was not money paid to the IRS by the trustee as in the case at bar.

Chapter 13 debtors should use their surplus income to pay creditors. The $713.63 was considered to be surplus income, as it was designated to fund the plan. The debtors' creditors have not been paid in full and they are entitled to receive the money intended to fund the plan.

CONCLUSION

The court will allow the filing of the IRS' amended proof of claim because the filing will not prejudice the trustee.

The court also concludes that the debtors should increase their payments under the plan in order to pay the trustee the amount refunded to them by the IRS.

ORDER

For the reasons expressed in the accompanying Memorandum Opinion, it is hereby

ADJUDGED and ORDERED

that the trustee's objection to the filing by the Internal Revenue Service of an amended proof of claim is overruled.

It is further

ADJUDGED and ORDERED

that the debtors shall increase their payments to the trustee under the plan in order to pay the trustee the amount that was refunded to them as a result of the overpayment on the claim of the Internal Revenue Service.